UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT MCGUCKEN, an individual,

                                 Plaintiff,

        v.

SHUTTERSTOCK, INC., a Delaware
corporation; and DOES 1-10,

                             Defendants.

Case No. 1:22-cv-00905-GHW

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Shutterstock, Inc. ("Shutterstock") answers the First Amended Complaint of Plaintiff Elliot McGucken ("Plaintiff"), dated April 29, 2022 (the "FAC"), as follows:

1.      The allegations of Paragraph 1 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that copyright infringement claims arise under the Copyright Act.

2.      The allegations of Paragraph 2 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that the court has federal question jurisdiction over at least one of the claims.

3.      The allegations of Paragraph 3 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that venue is proper in this District but denies that the alleged acts occurred in this District.

4.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies each allegation contained therein.

14217818.3

5.     Shutterstock admits the allegations contained in Paragraph 5.

6.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies each allegation contained therein.

7.     The allegations of Paragraph 7 call for legal conclusions as to which no response is required, but to the extent one is required, and to the extent Plaintiff alleges against Shutterstock,[1] Shutterstock denies the allegations contained therein.

8.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies each allegation contained therein.

9.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each allegation contained therein.

10.     Shutterstock denies each allegation of Paragraph 10 and refers to its website for the contents contained thereon.

11.     The allegations of Paragraph 11 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock is without sufficient knowledge or information to form a belief as to the unbounded scope of "Accused Works," and on that basis denies each allegation contained in Paragraph 11.

12.     Shutterstock denies each allegation of Paragraph 12.

---

[1] Throughout Plaintiff's FAC, Plaintiff uses the word "Defendants" as a party as against whom various allegations are made, without defining "Defendants."  As Shutterstock is without sufficient knowledge or information to form a belief as to the truth of any allegations made against the Doe Defendants, for the purposes of this Answer, Shutterstock is answering only on behalf of Shutterstock to allegations made against it.

14217818.3

13.    Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies each allegation contained therein except avers that each of the parties that uploaded the images at issue expressly authorized Shutterstock to use the images and represented that such party was authorized to do so.

14.    The allegations of Paragraph 14 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies each allegation of Paragraph 14 and specifically denies that Plaintiff ever provided notice other than via the filing of the FAC.

15.    The allegations of Paragraph 15 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies each allegation of Paragraph 15.

16.    The allegations of Paragraph 16 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies each allegation of Paragraph 16.

17.    Shutterstock admits the allegations contained in Paragraph 17.

18.    Shutterstock denies each allegation of Paragraph 18 and specifically denies that Plaintiff ever provided notice other than via the filing of the FAC.

19.    Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies each allegation contained therein except avers that each of the parties that uploaded the images at issue expressly authorized Shutterstock to use the images and represented that such party was authorized to do so.

20.    The allegations of Paragraph 20 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations contained in Paragraph 20.

14217818.3

21.     The allegations of Paragraph 21 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

22.     Shutterstock denies the allegations of Paragraph 22.

23.     The allegations of Paragraph 23 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 23 and avers that Shutterstock was provided permission from the party that represented it was authorized to grant the licenses and sublicenses necessary for any use of the images.

24.     Shutterstock denies the allegations of Paragraph 24.

25.     The allegations of Paragraph 25 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 25.

26.     The allegations of Paragraph 26 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 26.

27.     The allegations of Paragraph 27 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

28.     Shutterstock denies the allegations of Paragraph 28.

29.     Shutterstock denies the allegations of Paragraph 29.

30.     The allegations of Paragraph 30 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 30.

31.     The allegations of Paragraph 31 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 31.

14217818.3

32.     The allegations of Paragraph 32 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 33.

34.     The allegations of Paragraph 34 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 34.

35.     The allegations of Paragraph 35 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

36.     Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies them.

37.     Shutterstock denies the allegations of Paragraph 37.

38.     Shutterstock denies the allegations of Paragraph 38.

39.     Shutterstock denies the allegations of Paragraph 39.

40.     The allegations of Paragraph 40 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41.     Shutterstock denies the allegations of Paragraph 41.

42.     Shutterstock denies the allegations of Paragraph 42.

43.     The allegations of Paragraph 43 state legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations of Paragraph 43.

14217818.3

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that Shutterstock

has any burden of proof, Shutterstock asserts the following affirmative defenses as to the FAC.

### FIRST AFFIRMATIVE DEFENSE

1.      Each of Plaintiff's Causes of Action is barred, in whole or in part, because it fails

to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to mitigate his alleged damages and/or losses and, to the extent

Plaintiff has suffered any damages and/or losses, recovery is barred or must be reduced

accordingly.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Causes of Action are barred by the safe harbor provided by the Digital

Millennium Copyright Act, 17 U.S.C. § 512.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Causes of Action are barred, in whole or in part, by the doctrine of fair

use.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Third Cause of Action is barred on the ground that Plaintiff has failed

to plausibly plead or prove the double-scienter requirement of Section 1202 of the Copyright

Act, 17 U.S.C. § 1202.

14217818.3

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's First and Second Causes of Action are barred to the extent that the

claimed work is not properly registered.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's Causes of Action are barred by the doctrine of license.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims for statutory damages are barred by Section 412 of the

Copyright Act for failure to timely register the work at issue.

## RESERVATION OF RIGHTS

Shutterstock does not presently know all the facts and circumstances respecting

Plaintiff's claims and reserves the right to amend this Answer should it later discover facts

demonstrating the existence of additional affirmative defenses.

DATED:  New York, New York
         May 13, 2022

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Eleanor M. Lackman
    Eleanor M. Lackman
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239
    Email:  eml@msk.com


*Attorneys for Defendant Shutterstock, Inc.*

14217818.3