**<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT MCGUCKEN,<br><br>              Plaintiff,<br><br>  -against-<br><br>SHUTTERSTOCK, INC., *a Delaware corporation*, and DOES 1-10,<br><br>             Defendants. | Case No. 1:22-cv-00905-GHW<br><br>**DEFENDANT SHUTTERSTOCK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF MCGUCKEN'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned counsel, provides the following objections and responses to Plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") First Set of Requests for the Production of Documents dated April 29, 2022 (each, a "Request" and, collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

Shutterstock makes the following General Objections to the Requests.  To the extent that one or more of these General Objections are applicable to a specific Request, such General Objections are incorporated therein by reference.  The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Shutterstock's General Objections:

1.    Shutterstock objects to each Request, and to each of the definitions and instructions included in the Requests, to the extent they require that Shutterstock create documents not already in existence, process documents in a manner outside Shutterstock's

ordinary course of business, or purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order.

2.      Shutterstock objects to each Request to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

3.      Shutterstock objects to each Request as being vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.

4.      Shutterstock objects to each Request to the extent that it purports to require production of documents that are not within Shutterstock's possession, custody, or control. Shutterstock will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

5.      Shutterstock objects to each Request as unduly burdensome to the extent that it seeks documents already available to Plaintiff, in the possession, custody, or control of Plaintiff, or contained in public records or otherwise in the public domain and/or accessible to all parties.

6.      Shutterstock objects to each Request to the extent that it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Shutterstock does not waive, and intends to preserve, any applicable privilege.  Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

7.      Shutterstock objects to each Request to the extent that the Request seeks information that is highly confidential, sensitive, and/or proprietary business information and/or

2

trade secrets.  Shutterstock will provide such information only after the issuance of an appropriate protective order.

8.      Shutterstock objects to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Shutterstock denies any such disputed facts or legal conclusions to the extent assumed by each Request.  Any response or objection by Shutterstock to any such Request is without prejudice to this objection.

9.      Shutterstock objects to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to any non-party to this lawsuit.  Shutterstock will attempt to obtain permission of any such non-party to disclose the requested documents.  With respect to any non-party that does not provide to Shutterstock permission to disclose such documents, Shutterstock will provide the identity of such non-party and a description of the documents in Shutterstock's custody, possession, or control sufficient to allow Shutterstock to request the documents directly from such non-party (or permission for Shutterstock to disclose such information).

10.      In responding and objecting to these Requests, Shutterstock does not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

11.      In providing answers to the Requests, Shutterstock does not in any way waive any objections to these Requests, instructions, or definitions that Shutterstock may later assert, including but not limited to competency, relevance, materiality and admissibility, vagueness, and overbreadth.  Shutterstock expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action.  Shutterstock further reserves the right to object to additional discovery into the subject matter of the Requests.

12.     To the extent Shutterstock seeks to provide documents in response to a portion of a Request that is vague or ambiguous, Shutterstock will make a good faith effort to interpret each Request.

13.     Shutterstock objects to each Request to the extent that it purports to require the production of Electronically Stored Information ("ESI") beyond that required by the Federal Rules and the Local Rules.

14.     An answer that Shutterstock shall disclose the documents responsive to any Request is not, and shall not be construed as, a representation that such documents exist.  Such an answer indicates only that Shutterstock will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, assuming any such non-privileged documents exist, if there is otherwise no objection to the Request.

15.     Shutterstock reserves the right to supplement, alter, or amend these Objections and Responses, if necessary or appropriate.

16.     Shutterstock objects to each Request to the extent that it seeks the production of documents that constitute or contain confidential or proprietary information belonging to Shutterstock.  Shutterstock will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

17.     Shutterstock objects that the defined terms "SUBJECT PHOTOGRAPHY" and "DISPUTED USE" are vague, ambiguous, and unintelligible, and call for legal conclusions. Shutterstock construes the term "SUBJECT PHOTOGRAPHY" to refer to the defined term "Subject Photography" as used in the Amended Complaint to this action (which Shutterstock hereinafter refers to as the "images at issue"); and construes the term "DISPUTED USE" to refer to the alleged use of the images at issue on the Shutterstock site.

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiver of, or prejudice to, any of its General Objections, Shutterstock responds to the specific Requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTs which constitute, show, or reflect any communications regarding the SUBJECT PHOTOGRAPHY or DISPUTED USE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, and calls for documents in the possession of the plaintiff or third parties. Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.

Subject to and without waiving the foregoing General and specific objections, and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents responsive to this Request found after a reasonable search, to the extent any such documents exist in Shutterstock's possession, custody, and/or control.

## REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTs which constitute, show, or reflect any entities or sources from which YOU received the SUBJECT PHOTOGRAPHY, including any licensing, assignment, transfer, or distribution of the SUBJECT PHOTOGRAPHY to YOU by any other entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as it calls for a legal conclusion.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents concerning the user who uploaded the images at issue to the Shutterstock platform found after a reasonable search, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTs which constitute, show or reflect any agreements between YOU and PLAINTIFF concerning the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as vague and ambiguous.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that there are no responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTs which constitute, show or reflect YOUR right to exploit the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock further objects to this Request as vague and ambiguous. Shutterstock further objects to this Request on the grounds that it is calls for a legal conclusion. Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines. Furthermore, Shutterstock objects to this Request to the extent it seeks information equally available to Plaintiff.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents in its possession, custody, or control consisting of its applicable Terms of Use and Terms of Service or any other document on which Shutterstock intends to rely for its position that it was given the right to make the images available, without conceding that any such requirement legally exists.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS which constitute, show, reflect, refer to, mention, concern, or may provide evidence of YOUR communications to YOUR staff in connection with the use of photography that YOU do not own, including but not limited to the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this request as it is as vague, overbroad, calls for legal interpretation, and is disproportionate to the needs of the case.  Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.

Subject to and without waiving the foregoing General and specific objections, and subject to entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents reflecting communications concerning the images at issue in this lawsuit found after a reasonable search, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTs which refer to or reflect the date(s) on which YOU first began exploiting, using, distributing, or offering for sale the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock also objects to this Request on the ground that it assumes facts not in the record.  Furthermore, Shutterstock objects to this Request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing General and specific objections, and subject to entry of an appropriate protective order in this action, Shutterstock states that it will produce non-privileged documents found after a reasonable search that are sufficient to show the date(s) that the images at issue in this lawsuit were first uploaded and made available via Shutterstock's site, to the extent any such documents exist in Shutterstock's possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 7:**

 All DOCUMENTs which refer to or reflect the date(s) on which YOU first stopped exploiting, using, or distributing the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request on the ground that it that it assumes facts not in the record. Shutterstock further objects to this Request as vague and ambiguous. Shutterstock also objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Furthermore, Shutterstock objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search that are sufficient to identify the date on which the images at issue, including any reference thumbnail of same, were removed or otherwise disabled from Shutterstock's site, to the extent any such documents exist in Shutterstock's possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTs which refer to or reflect the date(s) on which YOU first published the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request because the phrase "YOU first published the DISPUTED USE" is vague, ambiguous, and unintelligible. Shutterstock further objects to this Request because it calls for a legal conclusion. Shutterstock also objects to this Request because it assumes facts in the record. Furthermore, Shutterstock objects because the Request is duplicative of Request No. 6 and incorporates all specific objections thereto.

Subject to and without waiving the foregoing General and specific objections, and subject to entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents sufficient to show the date(s) that the images at issue in this lawsuit were first uploaded and made available on the Shutterstock site, to the extent any such documents exist in Shutterstock's possession, custody, and/or control.


**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTs which refer to or reflect the date(s) on which YOU first removed the SUBJECT PHOTOGRAPHY from the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock further objects to this Request on the grounds that it is duplicative of Request No. 7, and

incorporates all specific objections thereto.  Shutterstock further objects because this Request is vague, ambiguous, and unintelligible.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce non-privileged documents found after a reasonable search that are sufficient to identify the date(s) on which the images at issue, including any reference thumbnail of same, were removed or otherwise disabled from the Shutterstock site, to the extent any such documents exist in Shutterstock's possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS reflecting all copies or versions of the SUBJECT PHOTOGRAPHY (including but not limited to print, audio-visual, original uploads, thumbnails, resized versions, etc.) used by YOU to display or distribute the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request as vague, ambiguous, and unintelligible.  Shutterstock also objects to this Request because it is neither relevant to any party's claims or defenses nor proportional to the needs the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS which constitute, show, or reflect artist attribution to the author of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad and calls for a legal conclusion. Shutterstock further objects to this Request as vague and ambiguous, including as to the phrase "artist attribution to the author."

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to reflect information provided to it by the contributor of the images at issue, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which constitute, show, or reflect all steps or actions that YOU took upon receiving notice that YOU were allegedly infringing PLAINTIFF's intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous as to the phrase "steps or actions that YOU took."  Shutterstock further objects because it calls for a legal conclusion. Shutterstock further objects because it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the

12

work product doctrine, and all other applicable privileges and doctrines.  Furthermore, Shutterstock objects because it seeks documents equally accessible to Plaintiff.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search concerning the letter from Higbee to Shutterstock on or after December 30, 2020, to the extent such documents exist in Shutterstock's possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTs which constitute, show, or reflect the total revenues YOU generated in connection with the SUBJECT PHOTOGRAPHY including but not limited to revenues generated through advertising in connection with the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous, including as to the phrase "revenues generated through advertising in connection with."  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to demonstrate revenue attributable to the images at issue, to the extent any such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, any and all revenue generated by the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous, including as to the phrases "[a]ny and all DOCUMENTS" and "revenue generated by".  Shutterstock further objects to this Request to the extent that it calls for a legal conclusion and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to demonstrate any revenue attributable to the images at issue, to the extent any such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, the number of impressions or page views for the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock further objects

14

to this Request because the phrases "[a]ny and all DOCUMENTS" and "impressions or page views for the DISPUTED USE" are vague and ambiguous.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to demonstrate the number of visitors to the URLs identified as the "Accused Works" in the Amended Complaint, if any, to the extent any such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer to or reflect YOUR distribution of the SUBJECT PHOTOGRAPHY on any social media platform, including without limitation, Facebook, Twitter, and Instagram.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because "YOUR distribution of the SUBJECT PHOTOGRAPHY" and "on any social media platform" is vague and ambiguous, calls for a legal conclusion, and assumes facts not in the record.  Shutterstock further objects on the ground that the request is overbroad in asking for "all documents."

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to demonstrate any licenses granted to social media platforms to the images at issue, to the extent any such documents exist, in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

    All electronically stored information, including without limitation, computer files and archived records containing images of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

    The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

    Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

    DOCUMENTS sufficient to show YOUR corporate structure, including but not limited to all parent organizations, subsidiaries, and affiliates, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

    The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

    In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

    YOUR annual financial statements for the past three (3) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock further objects to this Request because the documents sought are equally available to Plaintiff.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

YOUR annual profit and loss ledgers for the past three (3) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock further objects to this Request because the documents sought are equally available to Plaintiff.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTs referenced in your responses to PLAINTIFF's Interrogatories, Set One, propounded concurrently.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague, ambiguous, and unintelligible. Shutterstock further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.  Shutterstock also objects on the basis that Plaintiff's First Set of Interrogatories are largely improper, and expressly incorporates all of Shutterstock's general and specific objections to Plaintiff's First Set of Interrogatories.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents expressly mentioned in Shutterstock's answers to Plaintiffs' First Set of Interrogatories, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All electronically-stored information that refers to or reflects YOUR distribution, display, posting, or any other use of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks "[a]ll electronically-stored information".  Shutterstock further objects to this Request on the ground that it is duplicative of other Requests herein.  Shutterstock also objects to this Request because it calls for a legal conclusion and assumes facts not in the record.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce reasonable data regarding the uploading and removal or other disabling of the images at issue, found after a reasonable search and to the extent not already provided.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTs that refer to or reflect YOUR communications with any third party in connection with the SUBJECT PHOTOGRAPHY, DISPUTED USE, or PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that the documents are equally available to Plaintiff. Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.

Subject to the foregoing General and specific objections, Shutterstock will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTs that refer to or reflect YOUR policies, effective as of the date on which YOU published the SUBJECT PHOTOGRAPHY, which apply to YOUR use of the copyrighted material of third parties, including photographs like the SUBJECT PHOTOGRAPHY, on "shutterstock.com."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because the phrases "YOUR policies," "published the SUBJECT PHOTOGRAPHY," and "YOUR use of the copyrighted material of third parties" are vague, ambiguous, and unintelligible.  Shutterstock further objects to this Request to the extent it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.


**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTs which constitute, show, or reflect any and all insurance policies which may provide YOU with coverage for the claims asserted against YOU in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce a copy of any insurance policy which may be available to satisfy any judgment in this action.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTs which constitute, show, or reflect any and all allegations of copyright infringement against YOU, including without limitation cease and desist letters, and civil court complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTs which constitute, show, or reflect any and all communication(s) between YOU and PLAINTIFF regarding the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the ground that it is cumulative and duplicative of other Requests herein.  Shutterstock further objects to this Request because such documents are equally available to Plaintiff.

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that there are no responsive documents other than those already in Plaintiff's possession, custody, or control.  Shutterstock reserves its right to not produce those documents.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, YOUR awareness or knowledge of third party websites publishing, distributing, citing, referencing, discussing, or linking to the DISPUTED USE from the time of publication thereof to the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request as vague, ambiguous, and unintelligible, including as to the phrases "[a]ny and all," "YOUR awareness or knowledge", "third party websites publishing, distributing, citing, referencing, discussing, or linking" and "from the time of publication thereof to the present time." Shutterstock further objects to this Request because it calls for legal conclusions and assumes facts not in the record, seeks information not in Shutterstock's possession, custody, or control, and is confusing, vague, speculative, and compound.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce a general report indicating the types of uses permissible under the licenses granted as to the photographs in suit.


**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTs which constitute, show, or reflect YOUR obtainment of any and all photographs or publications from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request as vague and ambiguous as to the phrase "YOUR obtainment of any and

22

all photographs or publications from PLAINTIFF."  Shutterstock further objects to this Request because such documents are equally available to Plaintiff.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce non-privileged documents found after a reasonable search concerning the uploading to Shutterstock's site of the images at issue, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTs which constitute, show, or reflect YOUR knowledge of PLAINTIFF's exclusive intellectual property rights in the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request because it calls for a legal conclusion and assumes facts not in the record.  Shutterstock also objects to this Request because it is vague and ambiguous as to the phrase "YOUR knowledge of PLAINTIFF's exclusive intellectual property rights."

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that it has no knowledge of Plaintiff's intellectual property rights, whether exclusive or not.  Shutterstock only has statements from the Higbee (via a single letter) and Doniger law firms (via post-suit correspondence and this action) that assert such rights.  Apart from the correspondence from the Doniger law firm, Shutterstock will produce copies of such correspondence alleging Plaintiff's rights.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTs which constitute, show, or reflect users of YOUR site clicking on any links in the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request because it seeks documents not within Shutterstock's possession, custody, or control.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents sufficient to show the number of visits to the image detail pages for the images at issue on which the images at issue were allegedly viewable by visitors to the Shutterstock site, found after a reasonable search, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTs which constitute, show, or reflect revenues received by YOU in connection with the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce non-privileged documents found after a reasonable search that are sufficient to show revenue attributable to the images at issue, to the extent such documents exist within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTs which constitute, show, or reflect revenues received by YOU in connection with third party websites publishing, distributing, citing, referencing, discussing, or linking to the DISPUTED USE from the time of publication thereof to the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as vague, ambiguous, and unintelligible.  Shutterstock further objects to this Request because it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that any revenue to Shutterstock from sales by third parties are from third-party licenses and are part of the same licensing report as all licenses issued, which report shall be provided in response to a different request herein.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, instructions, training, specifications, and/or guidelines provided by YOU to YOUR employees and/or independent contractors to prevent, avoid, and/or protect

against both intentional and unintentional copyright infringement by YOU before and up to the time of publication of the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.  Shutterstock also objects that this Request is vague and ambiguous as to the phrases "[a]ny and all DOCUMENTs," and "instructions, training, specifications, and/or guidelines."  The Request is further nonsensical in that it falsely assumes that Shutterstock engages in copyright infringement.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce reviewer guidelines regarding IP and guidelines provided to contributors and the general public regarding how to prevent third parties from infringing photographers' copyright rights online.


**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, any modification or alteration by YOU of the images used in the DISPUTED USE before publishing or distribution of said DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as vague, ambiguous, and unintelligible, including as to the phrases

"[a]ny and all DOCUMENTS", "modification or alteration by YOU of the images used in the DISPUTED USE", and "publishing or distribution of said DISPUTED USE." Shutterstock further objects because the Request calls for legal conclusions, calls for speculation, and assumes facts not in the record.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, any fair use analysis conducted by YOU before publishing or distributing the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request because it calls for a legal conclusion and assumes facts not in the record. Shutterstock further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines. Furthermore, Shutterstock objects to this Request because it is vague, ambiguous, and unintelligible, including as to the phrases "[a]ny and all DOCUMENTS", "fair use analysis", and "publishing or distributing the SUBJECT PHOTOGRAPHY."

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that there are no responsive documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, any fair use analysis conducted by YOU before publishing or distributing the images in the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as duplicative of Request No. 36, and incorporates all specific objections raised in response thereto.  Shutterstock further objects that the Request is vague and ambiguous as to the phrases "[a]ny and all DOCUMENTs" and "publishing or distributing the images in the DISPUTED USE."

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that there are no responsive documents within its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 38:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, YOUR fair use defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as duplicative of Request No. 36, and incorporates all specific objections raised in response thereto.  Shutterstock further objects that this Request is vague and ambiguous as to the phrase "YOUR fair use defense."

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents responsive to this Request found after a reasonable search, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all DOCUMENTs concerning YOUR removal of the SUBJECT PHOTOGRAPHY from the DISPUTED USE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.  Shutterstock further objects to this Request to the extent it documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.  Shutterstock also objects to this Request because it is vague, ambiguous, and unintelligible, including as to the phrases "[a]ny and all DOCUMENTS" and "YOUR removal of the SUBJECT PHOTOGRAPHY from the DISPUTED USE."

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to show its removal of or disabling access to the images at issue, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTs reflecting YOUR addition of the "Shutterstock" logo to the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as it calls for information that is confidential and privileged from disclosure pursuant to the attorney-client privilege and/or the attorney work product doctrine. Shutterstock also objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Furthermore, Shutterstock objects that this Request is vague and ambiguous as to "YOUR addition of the 'Shutterstock' logo to the SUBJECT PHOTOGRAPHY."

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to show the automatic and automated placement of a Shutterstock watermark to all images uploaded to the Shutterstock platform, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTs reflecting the identities of any individuals, distributors, affiliates, resellers, or business partners, who used, copied, and displayed the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the ground that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock further objects to this Request on the ground that it is vague, ambiguous, and unintelligible, including because it purports to seek "[a]ll DOCUMENTS" reflecting the identities of third parties who may have "used, copied, and displayed" the images at issue, regardless of whether such third parties have any association with Shutterstock.  Shutterstock also objects because this Request seeks documents not in Shutterstock's possession, custody, or control, and/or equally available to Plaintiff.  Furthermore, Shutterstock objects because this Request calls for legal conclusions and assumes facts not in the record.

Subject to and without waiving the foregoing general and specific objections, Shutterstock will provide documents indicating which photographs were licensed through the Shutterstock API, along with a report on the type of uses permitted under the licenses.  As Shutterstock understands this Request, Shutterstock has no additional responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all DOCUMENTs which constitute, show, reflect, refer to, mention, concern, or may provide evidence of, YOUR safe harbor defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because it calls for a legal conclusion and assumes facts not in the record. Shutterstock further objects to this Request to the extent that it seeks documents that are

protected by the attorney-client privilege and/or work product doctrine.  Shutterstock also objects

to this Request because it is vague, ambiguous, and unintelligible, including as to the phrases

"[a]ny and all DOCUMENTS," and "YOUR safe harbor defense."

Subject to and without waiving the foregoing General and specific objections and subject

to the entry of an appropriate protective order in this action, Shutterstock will produce non-

privileged documents sufficient to demonstrate its compliance with Section 512 of the Copyright

Act, found after a reasonable search, to the extent such documents exist in Shutterstock's

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all DOCUMENTs reflecting the identity of all PERSONs who uploaded the

SUBJECT PHOTOGRAPHY to YOUR website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock

objects to this Request because it is vague, ambiguous, and unintelligible, including as to the

phrases "[a]ny and all DOCUMENTS," and "PERSONs who uploaded the SUBJECT

PHOTOGRAPHY to YOUR website."  Shutterstock further objects because this Request seeks

documents not in Shutterstock's possession, custody, or control, and/or equally available to

Plaintiff.  Shutterstock also objects to this Request on the ground that it seeks documents that are

neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject

to the entry of an appropriate protective order in this action, Shutterstock will produce non-

privileged documents found after a reasonable search concerning the contributor(s) of the images at issue, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTs sufficient to show whether any PERSON who uploaded the SUBJECT PHOTOGRAPHY to YOUR website is a repeat infringer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because it is vague and ambiguous as to the phrase "repeat infringer", which furthermore calls for a legal conclusion.  Shutterstock further objects because this Request seeks documents not in Shutterstock's possession, custody, or control, and/or equally available to Plaintiff.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search, concerning the contributor of the images at issue, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTs sufficient to show YOUR tracking of users who are repeat infringers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request because it is vague and ambiguous as to the phrase "tracking of users who are repeat infringers", which furthermore calls for a legal conclusion.  Shutterstock further

objects to this Request on the ground that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents sufficient to demonstrate its compliance with Section 512 of the Copyright Act, found after a reasonable search, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all DOCUMENTs that constitute, show, or reflect YOUR procedure for handling, managing, or dealing with DMCA-compliant notifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous as to the phrases "[a]ny and all DOCUMENTs," and "YOUR procedure for handling, managing, or dealing with DMCA-compliant notifications."  Shutterstock further objects to this Request on the ground that it calls for a legal conclusion and assumes facts not in the record, including that Plaintiff allegedly sent a "DMCA-compliant notification."  Shutterstock also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTs that constitute, show, or reflect all DMCA notifications received by YOU concerning any and all of the PERSONs who uploaded the SUBJECT PHOTOGRAPHY to YOUR website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request on the ground that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 48:**

Any and all DOCUMENTs produced by YOU in *Ithasca Images LLC, et al. v. Shutterstock, Inc., et al.*, 0:21-cv-00287, United States District Court, District of Minnesota.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects to this Request on the grounds that it is vague, ambiguous, and unintelligible as to "[a]ny and all DOCUMENTS," and "*Ithasca Images LLC, et al. v. Shutterstock, Inc., et al*., 0:21-cv-00287, United States District Court, District of Minnesota." Shutterstock further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, including because the Court has unequivocally rejected Plaintiff's motion to treat this case as related to other cases that concern different

plaintiffs and different images.  Shutterstock also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all DOCUMENTs relating to any other claims of copyright infringement against YOU, including YOUR case file for any claims concerning copyright infringement filed against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrases "[a]ny and all DOCUMENTS" and "case file".  Shutterstock further objects to this Request because it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

In light of the foregoing General and specific objections, Shutterstock will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTs sufficient to show YOU informing YOUR subscribers and account holders of YOUR repeat infringer policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous as to "YOUR repeat infringer policy."  Shutterstock further objects to this Request because it calls for documents equally available to Plaintiff.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search that are sufficient to demonstrate its compliance with Section 512 of the Copyright Act and selected materials distributed to the public regarding DMCA procedures, to the extent such documents exist in Shutterstock's possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTs sufficient to show the identities of any designated copyright agents who received any takedown notices concerning the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is vague and ambiguous as to "identities of any designated copyright agents who received any takedown notices concerning the SUBJECT PHOTOGRAPHY."  Shutterstock further objects to this Request because it seeks documents equally available to Plaintiff.  Shutterstock also objects to this Request because it assumes facts not in the record and calls for legal conclusions.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search that are sufficient to identify the agent(s) who received the notice from the Higbee law firm, which was the only takedown notice received regarding the photographs in suit, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTs reflecting the Google Analytics information for the URLs identified in PLAINTIFF'S First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTs reflecting the Google Analytics information for all of YOUR URLs containing the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as duplicative of Request No. 52, and incorporates all specific objections

raised in response thereto.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTs reflecting or referring any licenses that YOU entered into for any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as vague and ambiguous.  Shutterstock further objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will produce non-privileged documents found after a reasonable search pertaining to the licenses issued by the contributors via the Shutterstock platform for the images at issue.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTs reflecting or referring to YOU providing notice of the infringement claims at issue to any parties to which YOU licensed any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request as vague and ambiguous.  Shutterstock further objects because it calls for a legal conclusion.  Shutterstock also objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Shutterstock also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and all other applicable privileges and doctrines.  Furthermore, Shutterstock objects because it seeks documents equally accessible to Plaintiff.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search concerning the letter from Higbee to Shutterstock on or after December 30, 2020, to the extent such documents exist in Shutterstock's possession, custody, or control.  Shutterstock disputes that any notice is required by Shutterstock.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTs reflecting or referring to YOUR communications with any parties to whom YOU licensed any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence pertaining to the issues in the case.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged communications found after a reasonable search between Shutterstock and any parties that licensed the images in suit via the Shutterstock platform, pertaining to the photographs in suit, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTs reflecting or referring to any payments received by YOU in connection with any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to show payments received from licensees, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTs reflecting or referring to any payments received by YOU in connection with any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.  Shutterstock further objects to this

Request on the ground that it is duplicative of Request No. 57, and incorporates all specific objections thereto.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to show payments received from licensees, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTs reflecting or referring to YOUR selection, approval, editing, modification, or approval of any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects because this Request is vague, ambiguous, and unintelligible.

Subject to and without waiving the foregoing General and specific objections, Shutterstock states that, at this time, no known documents exist pertaining specifically to the images at issue in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTs referring or relating to YOUR Segment tracking system's tracking of the SUBJECT PHOTOGRAPHY and viewers thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects because this Request is vague, ambiguous, and unintelligible.  Shutterstock also

objects to this Request to the extent that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the relevance of this Request, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTs referring or relating to YOUR display of the SUBJECT PHOTOGRAPHY after the filing of this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects because it calls for a legal conclusion and it assumes facts not in the record.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search pertaining to any cache copies of thumbnails or other reference images, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTs referring or relating to YOUR removal of the SUBJECT PHOTOGRAPHY from all sites and platforms within your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to demonstrate removal from locations where Shutterstock has control over such locations, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTs referring or relating to YOUR ability to supervise and control the use of the SUBJECT PHOTOGRAPHY by users of YOUR site.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects because this Request is vague and ambiguous.  Shutterstock also objects because it calls for a legal conclusion.  Shutterstock also objects because it does not control contributors or actual or prospective customers and therefore cannot determine documents from the request.

Subject to and without waiving the foregoing General and specific objections, Shutterstock will agree to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTs referring or relating to YOUR retention of copies of the SUBJECT PHOTOGRAPHY on YOUR server.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.

Subject to and without waiving the foregoing General and specific objections and subject to the entry of an appropriate protective order in this action, Shutterstock will produce non-privileged documents found after a reasonable search sufficient to identify copies retained on Shutterstock's servers, if any, to the extent such documents exist in Shutterstock's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTs that refer to or reflect the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Request on the grounds that it is overbroad.

Subject to and without waiving the foregoing General and specific objections Shutterstock will agree to meet and confer regarding the scope of this Request.

DATED:  New York, New York                    MITCHELL SILBERBERG & KNUPP LLP
              June 7, 2022


                                                              By: /s/ Eleanor M. Lackman
                                                                   Eleanor M. Lackman (eml@msk.com)
                                                                   Elaine L. Nguyen (eln@msk.com)
                                                                   437 Madison Ave., 25th Floor
                                                                   New York, New York 10022-7001
                                                                   Telephone: (212) 509-3900
                                                                   Facsimile: (212) 509-7239

                                                                   *Attorneys for Defendant Shutterstock, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2022, I caused a true and correct copy of Defendant

Shutterstock, Inc.'s Responses and Objections to Plaintiff McGucken's First Set of Requests for

the Production of Documents to be served, via email, on the following counsel of record for

Elliot McGucken:

Scott Burroughs (scott@donigerlawfirm.com)
Laura Zaharia (laura@donigerlawfirm.com)
Doniger / Burroughs
247 Water Street, First Floor
New York, New York 10038

/s/ Eleanor M. Lackman