**<u>EXHIBIT 2</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT MCGUCKEN,

                    Plaintiff,

    -against-

SHUTTERSTOCK, INC., *a Delaware corporation*, and DOES 1-10,

                    Defendants.

Case No. 1:22-cv-00905-GHW

**DEFENDANT SHUTTERSTOCK, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF MCGUCKEN'S FIRST SET OF INTERROGATORIES**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned attorneys, hereby objects to and answers Plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") First Set of Interrogatories dated April 29, 2022 (each, an "Interrogatory" and, collectively, the "Interrogatories") as follows:

### GENERAL OBJECTIONS

       Shutterstock makes the following General Objections to the Interrogatories.  These General Objections apply to each of the Interrogatories and are incorporated therein by reference. The assertion of the same, similar, or additional objections in response to specific Interrogatories does not waive any of Shutterstock's General Objections:

       1.     Shutterstock objects to each Interrogatory, and to each of the definitions and instructions included in the Interrogatories, to the extent they purport to impose on Shutterstock duties or obligations beyond, or inconsistent with, those imposed by the Federal Rules or the

Local Rules, including but not limited to Fed. R. Civ. P. 33 and Local Rule 33.3, or any other applicable statute, regulation, rule, or court order.

2.      Shutterstock objects to each Interrogatory to the extent that it calls for information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Shutterstock objects to each Interrogatory to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope.  To the extent Shutterstock seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Shutterstock will make a good faith effort to interpret each Interrogatory.

4.      Shutterstock objects to each Interrogatory to the extent it seeks confidential or proprietary information belonging to Shutterstock.  Shutterstock will provide such information only under the terms of the protective order entered in the above-captioned action.

5.      Shutterstock objects to each Interrogatory to the extent that it assumes disputed facts or legal conclusions in defining the information requested.  Shutterstock denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory.  Any answer or objection by Shutterstock to any such Interrogatory is without prejudice to this objection.

6.      Shutterstock objects to each Interrogatory to the extent it seeks information that is not within Shutterstock's possession, custody, or control.  Shutterstock answers to each Interrogatory only with respect to information within its possession, custody, or control.

7.      Shutterstock objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff; or to which Plaintiff has equal or greater access than Shutterstock; or that is publicly available.

8.      Shutterstock objects to each Interrogatory to the extent that the Interrogatory seeks information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.  Shutterstock will provide such information only after the issuance of an appropriate protective order.

9.      Shutterstock objects to the definition of the term "identify," with respect to an individual, because it purports to impose on Shutterstock duties or obligations beyond, or inconsistent with, those imposed by the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3, including insofar as it seeks identification of each individual's "present or last known residence, business and mailing address," "email address," "job title," and "description of his or her duties and responsibilities."  In providing answers to the Interrogatories, Shutterstock will identify individuals by providing, to the extent known, each individual's full name, job title, and the name and address of the individual's present or last known employer.

10.     Shutterstock objects to each Interrogatory as overly broad and unduly burdensome insofar as it seeks identification of "all persons."  In providing answers to the Interrogatories, Shutterstock identifies the persons most knowledgeable of the matters described therein to the best of Shutterstock's present knowledge, information, and belief.

11.     In providing answers to the Interrogatories, Shutterstock does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the answers provided herein, as well as all objections to any other discovery notices.

12.     Shutterstock objects that the defined terms "SUBJECT PHOTOGRAPHY" and "DISPUTED USE" are vague, ambiguous, and unintelligible, and call for legal conclusions. Shutterstock construes the term "SUBJECT PHOTOGRAPHY" to refer to the defined term

"Subject Photography" as used in the Amended Complaint to this action (which Shutterstock hereinafter refers to as the "images at issue"); and construes the term "DISPUTED USE" to refer to the alleged use of the images at issue on the Shutterstock site.

13.     Shutterstock objects to each Interrogatory and each accompanying request for documents and admissions on the ground that it contains typographical errors.  Shutterstock has interpreted "subect" as "subject," "photographyy" as "photography," and so on.

14.     These answers are based on Shutterstock's present knowledge, information, and belief.  Shutterstock reserves the right to modify or supplement these answers and objections as discovery proceeds in this action.

## SPECIFIC RESPONSES TO INTERROGATORIES

Without waiver of, or prejudice to, any of its General Objections, Shutterstock answers to the specific Interrogatories as follows:

### INTERROGATORY NO. 1:

IDENTIFY all witnesses with knowledge or information concerning YOUR creation of the DISPUTED USE, including without limitation those with knowledge or information concerning YOUR obtainment, display, or distribution of the SUBJECT PHOTOGRAPHY and YOUR approval of the DISPUTED USE.

### ANSWER TO INTERROGATORY NO. 1:

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Interrogatory on the grounds that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory because it calls for a legal conclusion.  Shutterstock also objects that this Interrogatory because "obtainment, display, or

distribution of the SUBJECT PHOTOGRAPHY and YOUR approval of the DISPUTED USE" is vague, ambiguous, and unintelligible.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, there are no witnesses regarding Shutterstock's creation, as creation is directed by the uploaders.

The following individuals may have information concerning the upload of the images at issue to the Shutterstock site:

'Hane Street'
Moajjem Hossain
Ranhat
Paba Upazila
Rajshahi, Rajshahi 6211
Bangladesh
vespertunes@gmail.com

'Raza76j'
Muhammad Raza
Dhoke Palyian P/O Box Chitter Pari Mirpur Azad Jammu and Kashmir
Mirpur Azad Jammu and Kashmir, Azad Kashimir 10250
Pakistan
mraza76j@gmail.com

We are unaware of any technical reviewers at Shutterstock who have knowledge of the permission to post the specific images in this action.


**INTERROGATORY NO. 2:**

IDENTIFY the PERSONS who uploaded, published, or distributed the DISPUTED USE.

**RESPONSE TO INTERROGATORY NO. 2:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Interrogatory on the grounds that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory because it calls for a legal conclusion.  Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, the following individuals may have information concerning the upload of the images at issue to the Shutterstock site:

> 'Hane Street'
> Moajjem Hossain
> Ranhat
> Paba Upazila
> Rajshahi, Rajshahi 6211
> Bangladesh
> vespertunes@gmail.com
>
> 'Raza76j'
> Muhammad Raza
> Dhoke Palyian P/O Box Chitter Pari Mirpur Azad Jammu and Kashimir
> Mirpur Azad Jammu and Kashmir, Azad Kashimir 10250
> Pakistan
> mraza76j@gmail.com

**INTERROGATORY NO. 3:**

IDENTIFY any communications with the author of the SUBJECT PHOTOGRAPHYY before YOUR publication of those photographs, including without limitation by stating any efforts by YOU to obtain a license, authorization, or permission to use the SUBJECT PHOTOGRAPHYY.

**RESPONSE TO INTERROGATORY NO. 3:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory because it is vague and ambiguous as to the phrases "YOUR publication" and "efforts by YOU".

In light of the foregoing general and specific objections, Shutterstock will not answer this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY any DOCUMENTS that YOU allege granted YOU permission to publish, display, or license the SUBJECT PHOTOGRAPHY.

**RESPONSE TO INTERROGATORY NO. 4:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.

In light of the foregoing general and specific objections, Shutterstock will not answer this Interrogatory.

**INTERROGATORY NO. 5:**

IDENTIFY any policies employed by YOU at the time YOU published the SUBJECT PHOTOGRAPHYY that related in any way to copyright, intellectual property, or the use of the creative content of non-employees.

**RESPONSE TO INTERROGATORY NO. 5:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the phrase "policies employed by YOU", and is overbroad and unduly burdensome to the point of not being proportionate to the needs of the case.  Shutterstock also objects to this Interrogatory because it calls for legal conclusions.

Subject to and without waiving the foregoing general and specific objections, Shutterstock states that it is willing to meet and confer on a more specific and narrowly tailored interrogatory.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who displayed, were given access to, who downloaded, or who received the SUBJECT PHOTOGRAPHYY.

**RESPONSE TO INTERROGATORY NO. 6:**

**\*\*CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER\*\***

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the phrase "PERSONS" and ambiguous as to the time period.  Shutterstock further objects to this Interrogatory because it calls for legal conclusions and assumes facts not in the record.

Subject to and without waiving the foregoing General and specific objections, and subject to the entry of an appropriate protective order in this action, to the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, the persons set forth in Appendix A attached hereto, were given licenses to the images at issue.

**INTERROGATORY NO. 7:**

IDENTIFY the custodian and location of all DOCUMENTS and other physical evidence relevant to the above-captioned action and/or the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the phrase "other physical evidence", and is overbroad and unduly burdensome to the point of not being proportionate to the needs of the case. Shutterstock also objects to this Interrogatory because it calls for legal conclusions.  Shutterstock further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, and requires disclosure of legal analysis by Shutterstock.

Subject to and without waiver of the foregoing General and specific objections, Shutterstock answers that relevant documents reside in Shutterstock's files and likely reside in the files of third parties.

**INTERROGATORY NO. 8:**

Describe all DOCUMENTS and other physical evidence relevant to YOUR defenses, including but not limited to documents concerning the creation of the DISPUTED USE; the publication, display, and/or exploitation of the SUBJECT PHOTOGRAPHY; YOUR licensing of the SUBJECT PHOTOGRAPHY; YOUR removal of PLAINTIFF's Copyright Management Information from the SUBJECT PHOTOGRAPHY; and pertinent insurance agreement(s).

**RESPONSE TO INTERROGATORY NO. 8:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3.  Shutterstock further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to the phrase "other physical evidence", "documents concerning the creation of the DISPUTED USE", "Copyright Management Information", and "pertinent insurance agreement(s)."  Shutterstock also objects to this Interrogatory because the requested information is neither relevant to any party's claims or defenses nor proportional to the needs of the case, including because it is not limited to the issues in this lawsuit nor is it limited to any relevant time period.  Shutterstock further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Furthermore, Shutterstock objects to this Interrogatory on the grounds that it is compound and contains at least six (6) interrogatories, and assumes facts that do not exist and/or relied on the disclosure of legal theories.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Documents relevant to Shutterstock's defenses will be produced during the course of discovery.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS to which YOU granted a license to use any of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO INTERROGATORY NO. 9:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3. Shutterstock also objects to this Interrogatory because it calls for legal interpretation.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

The parties that received a license from the contributor via Shutterstock are identified in the response to Interrogatory No. 6.

**INTERROGATORY NO. 10:**

IDENTIFY all PERSONS to which YOU granted a license to use any of the SUBJECT PHOTOGRAPHY and to which YOU provided notice of PLAINTIFF's claims of infringement.

**RESPONSE TO INTERROGATORY NO. 10:**

Shutterstock repeats and incorporates its General Objections as if fully set forth herein. Shutterstock further objects to this Interrogatory on the ground that it seeks information beyond the scope of Local Rule 33.3. Shutterstock also objects to this Interrogatory to the extent that it

seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Furthermore, Shutterstock objects to this Interrogatory on the grounds that it is compound and contains at least two (2) interrogatories, and calls for legal interpretation.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:  the notices identified in response to Interrogatory No. 9 did not identify Plaintiff, and therefore Shutterstock cannot answer this Interrogatory.  Shutterstock avers that Plaintiff has been reportedly sending demand letters or other notices to certain licensees, but Shutterstock does not at this time know the full extent of such notices.

DATED:  New York, New York
             June 7, 2022

As to objections,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
     Eleanor M. Lackman (eml@msk.com)
     Elaine L. Nguyen (eln@msk.com)
     437 Madison Ave., 25th Floor
     New York, New York 10022-7001
     Telephone: (212) 509-3900
     Facsimile: (212) 509-7239

*Attorneys for Defendant Shutterstock, Inc.*

## <u>VERIFICATION</u>

I, Andrew Raff, am the Assistant General Counsel of Shutterstock, Inc., a defendant in the above-captioned action. I have read the foregoing Defendant Shutterstock, Inc.'s Objections and Answers to Plaintiff McGucken's First Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge and belief based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2022



ANDREW RAFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 7, 2022, I caused a true and correct copy of Defendant

Shutterstock, Inc.'s Objections and Answers to Plaintiff McGucken's First Set of Interrogatories

to be served, via email, on the following counsel of record for Elliot McGucken:

Scott Burroughs (scott@donigerlawfirm.com)
Laura Zaharia (laura@donigerlawfirm.com)
Doniger / Burroughs
247 Water Street, First Floor
New York, New York 10038

 /s/ Eleanor M. Lackman