**<u>EXHIBIT 4</u>**

| | |
|---|---|
| **From:** | Laura Zaharia |
| **To:** | Nguyen, Elaine; Frankel, Samantha |
| **Cc:** | Scott Burroughs; Lackman, Eleanor |
| **Subject:** | McGucken v. Shutterstock, Inc. et al, 1:22-cv-00905-GHW |
| **Date:** | Friday, July 1, 2022 2:50:00 PM |

Elaine and Sam,

Thank you for the call just now, during which we met and conferred regarding our motion to compel, and our request for a 60-day continuance in both the Steinmetz and McGucken matters. You were unable to commit to supplementing as set forth below and were unable to consent or object to the requests for continuances. You indicated you would follow up if and when your position changes. Please see below for further details:

- **Interrogatory Nos. 3 and 4:** Your client will stand by its objections, including that these interrogatories do not fall within the scope of L.R. 33.3.
- **Interrogatory No. 5:** Your client will stand by its objections, including that this interrogatory is overbroad and does not fall within the scope of L.R. 33.3. Your client will be producing non-confidential documents today that may partially address this interrogatory.
- **Interrogatory No. 7:** Your client will stand by its objections, including that this interrogatory does not fall within the scope of L.R. 33.3. Your client maintains that Shutterstock is the custodian and indicated that some of the third-party servers include Salesforce, AWS, and Amazon.
- **Interrogatory No. 8:** Your client will stand by its objections, including that this interrogatory does not fall within the scope of L.R. 33.3. Subject to those objections, your client will be producing some non-confidential documents today that partially addresses this interrogatory.
- **Request for Production No. 27:** Your client will take this under advisement and may produce responsive documents.
- **Request for Production No. 10:** Your client will stand by its objections, including that this is duplicative of other requests and that it does not understand what we are asking for. Your client also maintains that it did not display the photography at issue because the photographs were subject to an automated system.
- **Request for Production No. 15:** Your client will stand by its objections and disagrees that it is in a position to identify additional uses of our client's photography.
- **Request for Production No. 16:** Your client confirmed that Shutterstock has not posted the images at issue on its social media channels.
- **Request for Production No. 28:** Your client's employees are generally unaware of when licenses are issued due to its automated nature of its processes. Your client maintains that producing a general report is sufficient and will stand by its response.
- **Request for Production No. 61:** Your client claims that all full-size images were disabled prior to the filing of the lawsuit and that the images are not discoverable in a regular search. In light of this, Shutterstock will stand by its response.
- **Request for Production No. 63:** Your client will provide the terms of its standard licenses, which it believes are the only responsive documents in its possession.
- **Request for Production No. 65:** Your client stands by its objections, including that this request is overbroad and duplicative of other demands. Subject to these objections, your client will produce documents based on its interpretation of this request.

**Request for Production No. 11:** Your client has indicated that attribution comes directly from contributor. We requested the native files of the photography at issue, which your client will take under advisement.

- **Request for Production No. 17/22:** Your client will stand by its objections and noted that this request seems duplicative of Request 65. Your client requested that we define ESI. We requested the EXIF data for the photography at issue.
- **Request for Production No. 29:** We requested that your client supplement this request to say that it has no responsive documents, and your client is taking this under advisement.
- **Request for Production No. 35:** Your client claims it did not modify, alter, publish, or distribute the images at issue because the photography is subject to Shutterstock's automated process. Your client will confirm the existence of documents related to the automated process by which Shutterstock automatically removes CMI and automatically adds the Shutterstock watermark.
- **Request for Production No. 24:** Your client stands by its objections that this request is overbroad and requested specific examples for policies. While we believe this is not an overbroad request and that all responsive documents must be produced, we highlighted documents such as reviewer guidelines, documents reflecting Shutterstock's approval process for the initial upload of an image from a contributor, and any guidelines for Shutterstock employees for removing images under DMCA claims. Your client will take these requests under advisement.
- **Request for Production No. 46:** Your client will stand by its objections, including those regarding privilege, and will produce documents reflecting its Terms of Service and DMCA policy, which it also makes available online. We also requested employee guidelines for handling DMCA claims, and to the extent those exist, they will be produced.
- **Request for Production No. 47:** Your client disputes that a proper DMCA notice was provided and maintains that other DMCA notices pertaining to the contributors at issue would be irrelevant.
- **Request for Production No. 48:** Your client will stand by its objections and its response because it believes the lawsuits at issue involve different plaintiffs and images, different judges, and different rules.
- **Request for Production No. 55:** We do not believe that the Higbee letter is responsive to this request. Your client will stand by its objections and its response.
- **Request for Production No. 40:** Your client will stand by its objections and its response.
- **Request for Production No. 44:** We discussed whether the documents that your client intends to produce will be sufficient to show the contributors at issue's repeat infringer status. You will take this under advisement.
- **Request for Production No. 52, 53, 60:** You are confirming whether your client has responsive documents and will produce if obtaining this information is not burdensome to your client.

If any of the above does not comport with your understanding, please let us know immediately. We will move to compel and seek the continuances shortly.

Thanks,

---
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
lzaharia@donigerlawfirm.com