**EXHIBIT 7**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ITASCA IMAGES, LLC and<br>TONY WEBSTER,<br><br><br>                  Plaintiffs,<br><br>  v.<br><br>SHUTTERSTOCK, INC., RTB HOUSE, INC.,<br>RTB HOUSE S.A., CIVICPLUS, LLC,<br>ARCHETYPE INNOVATIONS, LLC, CRAZY<br>HOUSE MEDIA, LLC and DOES 1-500,<br><br>                  Defendants. | CASE NO. 0:21-cv-00287-JRT-DTS |

## SHUTTERSTOCK'S NOTICE OF DEPOSITION OF ELLIOT MCGUCKEN PURSUANT TO SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Shutterstock, Inc. in the above-captioned action, through its attorneys, will take the deposition upon oral examination of Elliot McGucken on April 29, 2022, commencing at 9:00 a.m. Central Time.

The deposition will be taken remotely at a location of the deponent's choice due to the COVID-19 pandemic.  The deposition will be taken before a qualified notary public or before some other officer authorized by law to administer oaths but said person shall be present remotely due to the COVID-19 pandemic.  The deposition will be administered by stenographic means, by videotape, and by audiotape or other audiovisual means.  Further, if the deposition is not completed on the agreed day, it will continue until completed with such adjournment as to time and place as may be necessary.

The Subpoena to Testify at a Deposition in a Civil Matter compelling the deponent's appearance and the production of documents is attached hereto.

14123295.1

Dated:   New York, New York
       April 13, 2022

MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Eleanor M. Lackman*_____
     Eleanor M. Lackman (*pro hac vice*)
     NY Attorney License No.: 4219598
     Mitchell, Silberberg & Knupp LLP
     437 Madison Avenue, 25th Floor
     New York, New York 10022-7001
     Telephone: (212) 509-3900
     Facsimile: (212) 509-7239
     Email: eml@msk.com

     Dean Eyler
     MN Attorney License No.: 267491
     Lathrop GPM LLP
     500 IDS Center
     80 South 8th Street
     Minneapolis, MN 55402
     Telephone: (612) 632-3016
     Email: dean.eyler@lathropgpm.com

     *Attorneys for Defendant*
     *Shutterstock, Inc.*

14123295.1

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca Benyamin, hereby certify that, on April 13, 2022, a true and correct copy of the foregoing Defendant Shutterstock, Inc.'s Notice of Deposition of Elliot McGucken Pursuant to Subpoena has been served, via email, on the following counsel of record:

Scott M. Flaherty
Taft Stettinius & Hollister LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Email: SFlaherty@Taftlaw.com

*Attorneys for Plaintiffs*
*Itasca Images, LLC and Tony Webster*

James Kernell; Kyle Donnelley
Erickson Kernell IP
Email:
jjk@kcpatentlaw.com; kdd@kcpatentlaw.com

*Attorneys for Defendant*
*CivicPlus, LLC*

*/s/ Rebecca Benyamin*
Rebecca Benyamin

3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### DISTRICT OF MINNESOTA

| | |
|---|---|
| ITASCA IMAGES, LLC and TONY WEBSTER | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 0:21-cv-00287-JRT-DTS |
| SHUTTERSTOCK, INC., RTB HOUSE, INC., RTB | ) |
| HOUSE S.A., CIVICPLUS, LLC, ARCHETYPE | ) |
| INNOVATIONS, LLC, CRAZY HOUSE MEDIA, LLC | ) |
| and DOES 1-500 | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ELLIOT MCGUCKEN; c/o Scott A. Burroughs, Doniger Burroughs Law Firm; 247 Water Street, First Floor, New York, NY 10038; 310-590-1820

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| | |
|---|---|
| Place:<br>Remote deposition - see Attachment B for instructions<br>Document production: Mitchell Silberberg & Knupp LLP<br>437 Madison Avenue, 25th Floor<br>New York, NY 10022 | Date and Time:<br>April 29, 2022 at 9:00 a.m. CT |

The deposition will be recorded by this method:  Stenography, videotape, audio recording

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 13, 2022

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Eleanor M. Lackman |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant Shutterstock, Inc. _____, who issues or requests this subpoena, are:

Eleanor M. Lackman   437 Madison Ave., 25th Floor, New York, NY 10022 eml@msk.com (212) 878-4890

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.<br>www.FormsWorkFlow.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 0:21-cv-00287-JRT-DTS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**DEFINITIONS**

1.      As used herein, the term "Document" is to be interpreted in the broadest manner and includes, without limitation, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including but limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of Persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analysis, charts, graphs, indices, audited and unaudited financial statements, photographs, email, electronic or mechanical records, telegrams, telecopies, audiotapes and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.  A draft or non-identical copy is a separate Document within the meaning of this term. "Document" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.  "Document" expressly includes all electronic data stored on any electronic media including but not limited to social media platforms.

2.      As used herein, the term "Communication" means any contact between two or more Persons or entities, including, without limitation, written contact by such means as letters, memoranda, reports, computer transmission, electronic mail and attachments, text messages, social media messages, telegrams, fax messages, and oral contact by such means as meetings and telephone conversations, including voicemail messages.

3.      As used herein, the terms "concerning," "regarding," "referring to," and "relating to" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, supports, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject.

4.      As used herein, the terms "all" and "any" shall be construed as "all and any."

5.      As used herein, the words "or" and "and" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category any documents or information which would not otherwise be within its scope.

6.      Words and terms in the singular shall include the plural thereof.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of any demand responses that otherwise might be construed to be outside its scope.

7.      As used herein, the term "McGucken," "You," or "Your" refers to Elliot McGucken.

8.      As used herein, the term "Shutterstock" refers to the defendant in the above-captioned action, namely, Shutterstock, Inc., and includes Shutterstock's present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, departments, divisions, shareholders, officers, directors, agents, employees, and contractors.

9.      As used herein, the term "Plaintiffs" means Plaintiffs Itasca Images, LLC (hereinafter, "Itasca"), Tony Webster (hereinafter, "Webster"), and Diode Interactive, LLC (hereinafter, "Diode"), collectively and in their individual capacities, and includes Itasca's and Diode's present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, departments, divisions, shareholders, officers, directors, agents, employees, and contractors.

10.     As used herein, the term "Photographs" refers, individually and collectively, to the photographs that Plaintiffs have indicated they own.

11.     As used herein, the term "Shutterstock Website" refers to the websites, software, apps, and/or plug-ins made available by Shutterstock and/or its affiliates, including, but not limited to, www.shutterstock.com.

12.     As used herein, the term "including" shall mean including but not limited to.

## DOCUMENT REQUESTS

1.     All Documents and Communications regarding Plaintiffs.

2.     All Communications between You and Plaintiffs regarding the Photographs.

3.     All Communications between You and Plaintiffs regarding photographs You own.

4.     All Communications between You and Plaintiffs regarding Shutterstock, Getty Images, Inc. and/or Flickr.

5.     All Communications between You and Plaintiffs regarding the Shutterstock Website.

6.     All Documents regarding Shutterstock's alleged infringement of other photographers' works.

7.     All Documents regarding Shutterstock's business practices.

8.     All Documents regarding Shutterstock's distribution of allegedly infringed photographs.

9.     All Communications with any one or more of the following: Andrew E. Russell, David Hoefler, Elliott Morgan, Bullrun Photography, Elizabeth West, George Probst, Phil Lowe, Marco Verch, Christian Jund, Diamond Bridges, Rose Wagner, and parties operating under the names Hane Street, Perfect Photo, PhotoElite, and The Perfect.

10.     All Communications between You and Shutterstock.

11.     All Communications between You and any third party regarding Plaintiffs and/or Shutterstock.

14137670.1

## ATTACHMENT B

## REMOTE DEPOSITION INSTRUCTIONS

Defendant Shutterstock, Inc. ("Defendant") will conduct this deposition by remote electronic means.  Due to the COVID-19 pandemic, the court reporter will report the deposition from a location separate from the witness, and will administer the oath to the witness remotely.

The deponent is required to have access to a computer or tablet with a webcam and a stable Internet connection for the deposition to proceed remotely through electronic means.  If the deponent does not have this equipment or stable Internet access, counsel for the deponent is to advise counsel for Defendant so alternative arrangements can be made no later than three (3) business days prior to the date of the deposition.

All counsel will be provided with access to a video deposition platform that will permit them to view and hear the witness.  The platform will provide all counsel with the same view as the witness of documents being presented to the witness.  Access to the platform will be provided to all necessary persons attending the deposition remotely via a hyperlink to their respective email addresses.