UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT MCGUCKEN,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SHUTTERSTOCK, INC., *a Delaware corporation*, and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. 1:22-CV-00905-GHW<br><br>**DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT SHUTTERSTOCK, INC.'S OPPOSITION TO PLAINTIFF ELLIOT MCGUCKEN'S MOTION TO COMPEL DISCOVERY RESPONSES AND EVIDENCE** |

ELEANOR M. LACKMAN declares as follows:

　　　1.　　I am a partner with the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel for defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"). I submit this declaration in support of Shutterstock's opposition to plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") Motion to Compel the Production of Discovery Responses and Evidence, dated August 3, 2022, in particular to correct and supplement the record regarding the history and aspects of the discovery-related discussions between counsel as pertinent to the Motion. My statements are based on my own knowledge as well as from the information learned in my capacity as the partner overseeing this case.

　　　2.　　Despite the narrow issues in this action, involving a group of photographs that three contributors uploaded to Shutterstock's platform allegedly in violation of Shutterstock's terms of service, Shutterstock has—in the interest of avoiding motion practice—taken a broad view of the discovery requested, including over its objections. At the same time, we have taken the position that reasonable limits should be imposed under Fed. R. Civ. P. 26, particularly where Plaintiff's counsel has asked for materials that do not exist, are plainly irrelevant, or appear designed to cause undue burden for no articulated upside.

3. Attached hereto as **Exhibit A** is a true and correct copy of an email from Scott Burroughs, counsel for Plaintiff, to Shutterstock's counsel dated July 6, 2022.

4. Attached hereto as **Exhibit B** is a true and correct copy of relevant excerpts of a transcript of the telephonic pre-motion conference held on July 13, 2022 before Judge Woods.

5. Attached hereto as **Exhibit C** is a true and correct copy of an email from Laura Zaharia, counsel for Plaintiff, to Shutterstock's counsel dated July 21, 2022.

6. Despite the Court's clear directions to confer on these issues, Plaintiff's counsel has done nothing between the July 13 Teleconference and its filing of the Motion on August 3. Plaintiff's counsel has not even taken the simple step of trying to set up a phone call with Shutterstock's counsel to discuss any of their issues with Shutterstock's production and discovery responses.

7. During the July 1 meet and confer, we explained to Plaintiff's counsel the complicated nature of the technical operations of Shutterstock's system, which would make satisfying the request to Plaintiff's exacting standards impossible, and of correspondingly little to no value. Plaintiff's counsel said they would take another look at requests seeking "ESI" and get back to us, but they failed to do so before filing the pre-motion letter, and also failed to discuss with us after the Teleconference and before filing its Motion, even though the Court advised Plaintiff to do so.

8. Plaintiff has never requested that Shutterstock produce any deposition transcripts from the *Itasca* case (or any of the other lawsuits) in this case. The first time I saw a reference to that concept was a week ago, in Plaintiff's moving brief.

9. The documents and testimony provided in the cases affiliated with Plaintiff's law firm's lawsuits show that unusable watermarked or low-resolution cache copies may remain

locally for a time as part of the functionality of the system, but the party browsing the image can readily delete them, and they do not appear in search results.

10. Many items in the motion are new to me. Barely half of the cited issues were raised with us previously. Nonetheless, despite the impropriety of raising discovery issues in a motion, we have considered the arguments and nothing leads us to believe that Shutterstock's positions should change.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED:  August 10, 2022                              By: /s/ Eleanor M. Lackman
                                                         Eleanor M. Lackman