# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT MCGUCKEN,<br><br>                Plaintiff,<br>   -against-<br><br>SHUTTERSTOCK, INC., *a Delaware corporation*, and DOES 1-10,<br><br>                Defendants. | CASE NO. 1:22-CV-00905-GHW<br><br>**DEFENDANT SHUTTERSTOCK, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF ELLIOT MCGUCKEN'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     ELLIOT MCGUCKEN

ANSWERING PARTY:      SHUTTERSTOCK, INC.

SET NO.:                      TWO (2)


      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned attorneys, hereby objects to and answers Plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") Second Set of Interrogatories dated July 6, 2022 (each, an "Interrogatory" and, collectively, the "Interrogatories") as follows:

Shutterstock identifies the persons most knowledgeable of the matters described therein to the best of Shutterstock's present knowledge, information, and belief.

11.     In providing answers to the Interrogatories, Shutterstock does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the answers provided herein, as well as all objections to any other discovery notices.

12.     Shutterstock objects that the defined terms "SUBJECT PHOTOGRAPHY" and "DISPUTED USE" are vague, ambiguous, and unintelligible, and call for legal conclusions. Shutterstock construes the term "SUBJECT PHOTOGRAPHY" to refer to the defined term "Subject Photography" as used in the Amended Complaint to this action (which Shutterstock hereinafter refers to as the "images at issue"); and construes the term "DISPUTED USE" to refer to the alleged use of the images at issue on the Shutterstock site.

13.     These answers are based on Shutterstock's present knowledge, information, and belief.  Shutterstock reserves the right to modify or supplement these answers and objections as discovery proceeds in this action.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 11:

State all facts upon which YOU base YOUR contention that YOUR use of the SUBJECT PHOTOGRAPHY does not constitute commercial use.

### RESPONSE TO INTERROGATORY NO. 11:

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give

4

notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory.  Shutterstock also objects to this Interrogatory because it calls for a legal conclusion and assumes facts not in the record. Shutterstock further objects that the phrase "YOUR use" and "commercial use" is vague and ambiguous.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, thumbnail/watermarked images (collectively, "thumbnails") are not within a commercial market and carry no price.  Moreover, Shutterstock uses images for non-commercial purposes such as informational and recordkeeping purposes.  For example, thumbnails are used to identify the work, including to show what a high-resolution/non-watermarked image would look like if licensed, and to keep track of uploading and/or licensing history and records.  Thumbnails are also used to help identify and prevent potential infringement and fraud on the Shutterstock platform by third parties via matching software, which helps prevent others from re-uploading an image that has already been subject to a claim.

**INTERROGATORY NO. 12:**

Describe in detail all facts and documents that support YOUR contention that YOUR distribution, display, and publication of the SUBJECT PHOTOGRAPHY is not an infringement of PLAINTIFF's rights in the SUBJECT PHOTOGRAPHY.

5

**RESPONSE TO INTERROGATORY NO. 12:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Interrogatory on the grounds that it is compound, and "all facts and documents" is overly broad, unduly burdensome, and oppressive.  Shutterstock also objects on the ground that this Interrogatory improperly seeks information that is protected by the attorney work product doctrine.  Shutterstock further objects to this Interrogatory because it calls for a legal conclusion and is premature.  Shutterstock also objects that this Interrogatory is vague and ambiguous, including as to the phrases "distribution, display, and publication" and "is not an infringement" and "rights in the SUBJECT PHOTOGRAPH."  Additionally, Shutterstock objects to this Interrogatory on the ground that this is an issue where the burden falls on the plaintiff, and Plaintiff in this case has not established that he has met that burden.

In light of the foregoing General and specific objections, Shutterstock will not, and is not obligated to, answer this Interrogatory.

**INTERROGATORY NO. 13:**

State all instances in which YOU received payment for YOUR use of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO INTERROGATORY NO. 13:**

**\*\*CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER\*\***

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects to this Interrogatory as vague, ambiguous, and unintelligible, including as to the phrases "all instances" and "received payment for YOUR use of the SUBJECT PHOTOGRAPH."

Subject to and without waiving the foregoing General and specific objections, and subject to the entry of an appropriate protective order in this action, Shutterstock responds as follows:

6

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, Shutterstock states that it did not "use" the images, so it did not receive payment for any such use.  The instances in which Shutterstock received revenue and took a portion thereof from a licensee's use of the images are identified in the schedule attached to Shutterstock's Response to Interrogatory No. 6, which was provided to Plaintiff on June 7, 2022 in response to Plaintiff's First Set of Interrogatories.  Approximately 65 of the 938 licenses were licensed under a free trial subscription in which Shutterstock did not receive any payment attributable to the licensee's use.

**INTERROGATORY NO. 14:**

State all facts that support YOUR position that YOU complied with YOUR DMCA takedown and counter notice process with respect to the SUBJECT PHOTOGRAPHY.

**RESPONSE TO INTERROGATORY NO. 14:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory.  Shutterstock further objects to this Interrogatory because it calls for a legal conclusion and interpretation.  Shutterstock also objects on the ground that this Interrogatory is vague and ambiguous as to the phrase "YOUR DMCA takedown and counter notice process."

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

14469255.1

Additionally, Shutterstock objects to this Interrogatory on the ground that this is an issue where the burden falls on the plaintiff, and Plaintiff in this case has not established that it has met that burden.

In light of the foregoing General and specific objections, Shutterstock will not, and is not obligated to, answer this Interrogatory.

**INTERROGATORY NO. 16:**

State all facts that support YOUR affirmative defenses.

**RESPONSE TO INTERROGATORY NO. 16:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory. Shutterstock also objects to this Interrogatory because it calls for a legal conclusion and is premature, particularly as Plaintiff has failed to comply with its obligations to produce relevant discovery that supports Shutterstock's affirmative defenses.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, Plaintiff failed to identify all locations at which his claimed images were located, and failed to provide any requisite notice under the DMCA as to the new and additional images identified in the original Complaint, the First Amended Complaint, and the exhibits attached thereto. Additionally,

10

Plaintiff has failed to show that all of the images at issue contained Plaintiff's CMI (some of the

claimed images admittedly did not contain any CMI), or that any CMI allegedly placed by

Plaintiff or containing Plaintiff's information was removed with an intention to conceal,

facilitate, or otherwise promote infringement.  Shutterstock received a license for the use of the

images.  Furthermore, thumbnails are not within a commercial market and have no price as noted

in response to Interrogatory No. 11.  Shutterstock's platform uses thumbnail copies of the images

for a different purpose than Plaintiff's licensed uses.  Among other things, the use of thumbnails

is to identify what the images look like.  These thumbnail copies are not full resolution and are

not within the scope of uses that a photographer would ordinarily make (such as in a news story

or on merchandise), nor are they used as a substitute for a use within the plaintiff's actual or

potential, non-speculative market.  Shutterstock further incorporates by reference its answer to

Interrogatory No. 11.  It is premature to identify facts pertaining to Plaintiff's copyright

registrations.  Facts pertaining to Shutterstock's affirmative defense of the DMCA safe harbor

have been provided in response to other interrogatory answers.  Shutterstock incorporates those

answers (including Interrogatory Nos. 14 and 17) by reference.

**INTERROGATORY NO. 17:**

State all facts that support YOUR position that YOU are entitled to safe harbor protection

under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

**RESPONSE TO INTERROGATORY NO. 17:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock

objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all

facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give

notice of Shutterstock's contentions and the central facts that have been identified to-date which

11

support its contentions as to facts implicated by the Interrogatory.  Shutterstock also objects to

this Interrogatory because it calls for a legal conclusion and is premature.

Subject to and without waiving the foregoing objections or its General Objections,

Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be

reasonably located within Shutterstock's possession, custody, and control, Shutterstock's Terms

of Service vis-à-vis the uploaders of the images at issue granted Shutterstock certain rights in the

images at issue, and the uploaders represented and warranted to Shutterstock under those Terms

of Service that they were authorized to grant such rights.  Moreover, Shutterstock maintains a

strict repeat infringer policy, which it fully complied with as noted in its response to

Interrogatory No. 14.  Shutterstock avers that the account associated with the contributor

Gouranga Charan Bishoi was disabled in January 2019 before the filing of the instant lawsuit

(albeit for reasons unrelated to any DMCA notices).  Shutterstock is an internet service provider

under the DMCA and has complied with all requirements under the safe harbor provisions

applicable therein.  Shutterstock expeditiously removed the images and thumbnails upon

notification that the uploaders were allegedly not authorized to grant those rights, and as to the

only image where Plaintiff submitted any notice that might arguably qualify as a "DMCA

notice," Shutterstock disabled access to that image in the locations where identified.  This is

protected by Section 512 of the DMCA.  Shutterstock avers further that Plaintiff took no effort to

comply with the DMCA with respect to any of the images identified in the original Complaint

and First Amended Complaint, other than the one image identified in the letter from the Higbee

firm.  Additionally and in the alternative, Shutterstock has no "red flag knowledge," including in

part because all that Shutterstock did was engage in a very fast review for the technical quality of

the images (focus, composition, image noise) and material inside the images (such as prohibited content, trademarks, depictions of copyrighted materials, people's names and likenesses without a model release), consistent with practice across the industry. Shutterstock further incorporates by reference its response to Interrogatory No. 14.

**INTERROGATORY NO. 18:**

State all facts that support YOUR position that YOU timely removed the SUBJECT PHOTOGRAPHY from YOUR website.

**RESPONSE TO INTERROGATORY NO. 18:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory. Shutterstock also objects to this Interrogatory because it calls for a legal conclusion and is premature. Shutterstock further objects that the terms "timely" and "removed" are vague and ambiguous.

Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Shutterstock incorporates by reference its responses to Interrogatory Nos. 14, 16, and 17.

**INTERROGATORY NO. 19:**

State all facts that support YOUR position that YOU were not required to provide notice to the individuals and/or entities to whom YOU licensed the SUBJECT PHOTOGRAPHY.

13

14469255.1

**RESPONSE TO INTERROGATORY NO. 19:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory.  Shutterstock also objects to this Interrogatory on the ground that it is vague and ambiguous, including with respect to the term "notice."  Shutterstock further objects to this Interrogatory because it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Additionally, Shutterstock objects to this Interrogatory because it is the plaintiff's burden to prove willfulness.

Subject to and without waiving the foregoing General or specific objections, Shutterstock responds as follows:

Shutterstock does not understand the basis of this Interrogatory.  To the extent this Interrogatory relates to Plaintiff's claim of willfulness, Shutterstock avers that this is an issue where Plaintiff bears the burden of proof, and therefore Shutterstock will not, and is not obligated, to respond to this Interrogatory.

**INTERROGATORY NO. 20:**

State all facts that support YOUR position that YOU did not review or approve the use of the SUBJECT PHOTOGRAPHY on YOUR website.

**RESPONSE TO INTERROGATORY NO. 20:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all

14

facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which support its contentions as to facts implicated by the Interrogatory.  Shutterstock also objects to this Interrogatory as vague and ambiguous as to the phrase "review or approve the use of." Shutterstock further objects to this Interrogatory because it assumes facts not in the record, and misstates Shutterstock's position.

Subject to and without waiving the foregoing General and specific objections, Shutterstock responds as follows:

To the best of Shutterstock's knowledge and based on the information that could be reasonably located within Shutterstock's possession, custody, and control, Shutterstock does not take the position that there was no review or approval of any type or nature.  As noted in its response to Interrogatory No. 17, Shutterstock states that it engaged in a very fast review for the technical quality of the images (such as focus, composition, image noise) and material inside the images (such as prohibited content, trademarks, depictions of copyrighted materials, people's names and likeness without a model release), consistent with practice across the industry.

**INTERROGATORY NO. 21:**

State all facts that support YOUR position that YOU played no role in making any of the SUBJECT PHOTOGRAPHY infringing material accessible on its site.

**RESPONSE TO INTERROGATORY NO. 21:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock objects that this Interrogatory is overly broad and unduly burdensome insofar as it seeks "all facts" because the legal analysis is ongoing; Shutterstock will identify facts sufficient to give notice of Shutterstock's contentions and the central facts that have been identified to-date which

15

this Interrogatory because the phrase "no involved" is nonsensical; Shutterstock will interpret the phrase as "not involved."  Shutterstock further objects to this Interrogatory as vague and ambiguous, including as to the phrase "selecting, supervising, approving, modifying, or editing." Additionally, Shutterstock objects to this Interrogatory because this is an issue where the burden falls on the plaintiff, and Plaintiff in this case has not established that he has met that burden.

In light of the foregoing objections and its General Objections, Shutterstock will not, and is not obligated to, answer this Interrogatory.

Dated:   New York, New York
         August 5, 2022

As to objections,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
    Eleanor M. Lackman (eml@msk.com)
    Elaine L. Nguyen (eln@msk.com)
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    *Attorneys for Defendant Shutterstock, Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca Benyamin, hereby certify that on August 5, 2022, I caused a true and correct copy of Defendant Shutterstock, Inc.'s Objections and Answers to Plaintiff Elliot McGucken's Second Set of Interrogatories to be served, via email, on the following counsel of record for Elliot McGucken:

Scott Burroughs (scott@donigerlawfirm.com)
Laura Zaharia (lzaharia@donigerlawfirm.com)
Doniger / Burroughs
247 Water Street, First Floor
New York, New York 10038

*/s/ Rebecca Benyamin*_____
Rebecca Benyamin

20