# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT MCGUCKEN,<br><br>                                    Plaintiff,<br><br>        -against-<br><br>SHUTTERSTOCK, INC., *a Delaware corporation*, and DOES 1-10,<br><br>                                    Defendants. | Case No. 1:22-cv-00905-GHW<br><br>**DEFENDANT SHUTTERSTOCK, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF MCGUCKEN'S FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock"), by and through its undersigned counsel, provides the following objections and answers to Plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") First Set of Requests for Admission dated April 29, 2022 (each, a "Request," and collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

Shutterstock makes the following General Objections to the Requests.  To the extent that one or more of these General Objections are applicable to a specific Request, such General Objections are incorporated therein by reference.  The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Shutterstock's General Objections:

    1.     Shutterstock objects to the Requests, including the "Definitions" and "Instructions," to the extent that they can be construed to impose burdens or obligations upon

control of Plaintiff, or contained in public records or that are otherwise in the public domain and/or accessible to all parties.

8. In providing answers to the Requests, Shutterstock does not in any way waive any objections to these Requests, Definitions, or Instructions that Shutterstock may later assert, including but not limited to proportionality, relevance, materiality, admissibility, vagueness, and overbreadth.

9. Shutterstock objects that the defined terms "SUBJECT PHOTOGRAPHY" and "DISPUTED USE" are vague, ambiguous, and unintelligible, and call for legal conclusions. Shutterstock construes the term "SUBJECT PHOTOGRAPHY" to refer to the defined term "Subject Photography" as used in the Amended Complaint to this action (which Shutterstock hereinafter refers to as the "images at issue"); and construes the term "DISPUTED USE" to refer to the alleged use of the images at issue on the Shutterstock site.

10. In providing answers to the Requests, any admissions are based on information available to Shutterstock at the time the admissions are made, and Shutterstock reserves the right to supplement, alter or amend these responses and objections to Plaintiff's Requests, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiver of, or prejudice to, any of its General Objections, Shutterstock responds to the specific Requests as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU did not obtain authorization from PLAINTIFF to exploit the SUBJECT PHOTOGRAPHY.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have no evidence to establish that any PERSON, other than PLAINTIFF, created the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request because it is vague, ambiguous, and unintelligible as to "no evidence to establish that any PERSON, other than PLAINTIFF, created the SUBJECT PHOTOGRAPHY."  Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU modified the SUBJECT PHOTOGRAPHY without PLAINTIFF's authorization.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects that this Request is vague, ambiguous, and unintelligible as to the phrase "modified the SUBJECT PHOTOGRAPHY without PLAINTIFF's authorization."  Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Denied, except to the extent Shutterstock's automated process added watermarks to protect the images from unauthorized use, as it does with all images.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU did not have permission from PLAINTIFF to offer the SUBJECT PHOTOGRAPHY for sale or licensing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request because it is vague and ambiguous as to "did not have permission" and "sale or licensing", and that it assumes facts not in the record and calls for legal conclusions.  Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds:

Denied.  Upon reasonable inquiry, the information Shutterstock knows or can readily obtain is insufficient to enable it to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU copied the entirety of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects to this Request because the phrase "copied the entirety of the SUBJECT PHOTOGRAPHY" is vague, ambiguous, and unintelligible, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not provide any credit or attribution to PLAINTIFF in YOUR copying, use, or distribution of the SUBJECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock further objects to this Request because it calls for a legal conclusion. Shutterstock also objects to this Request because "any credit or attribution" and "copying, use, or distribution" are vague and ambiguous. Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds:

Shutterstock admits that Plaintiff's name was not included with all of the images at issue, including because Plaintiff's name was nowhere to be found within the metadata of some of the images. Denied that attribution or credit was not provided, as attribution or credit was provided to the contributor based on the crediting information (if any) supplied by the contributor.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not display or distribute PLAINTIFF'S copyright notice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock further objects to this Request because the phrase "display or distribute PLAINTIFF's copyright notice" is vague, ambiguous, and unintelligible, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU added YOUR own copyright management information ("CMI") to the metadata of versions of the SUBJECT PHOTOGRAPHY YOU distributed.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU did request that any of your licensees for the SUBECT PHOTOGRAPHY remove the SUBJECT PHOTOGRAPHY from their websites.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

The foregoing General Objections are incorporated herein by this reference. Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Admitted that Shutterstock sent notices to the email addresses on file for all of the customers who purchased licenses, which notices instructed the licensees to discontinue whatever licensed use (*i.e.*, not specific to "website" use) due to a legal claim.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU did not terminate any of the licenses that you granted for the SUBECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

The foregoing General Objections are incorporated herein by this reference. Shutterstock further objects because this request calls for multiple legal conclusions. Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Admitted that Shutterstock sent notices to the email addresses on file for all of the customers who purchased licenses, which notices instructed the licensees to discontinue whatever licensed use (*i.e.*, not specific to "website" use) due to a legal claim.

19

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU did not terminate all of the licenses that you granted for the SUBECT PHOTOGRAPHY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

The foregoing General Objections are incorporated herein by this reference.  Shutterstock further objects because this request calls for multiple legal conclusions.  Subject to and without waiving the foregoing objections or its General Objections, Shutterstock responds as follows:

Admitted that Shutterstock sent notices to the email addresses on file for all of the customers who purchased licenses, which notices instructed the licensees to discontinue whatever licensed use (*i.e.*, not specific to "website" use) due to a legal claim.


| | |
|---|---|
| DATED:  New York, New York<br>June 7, 2022 | MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ Eleanor M. Lackman<br>Eleanor M. Lackman (eml@msk.com)<br>Elaine L. Nguyen (eln@msk.com)<br>437 Madison Ave., 25th Floor<br>New York, New York 10022-7001<br>Telephone: (212) 509-3900<br>Facsimile: (212) 509-7239<br><br>*Attorneys for Defendant Shutterstock, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2022, I caused a true and correct copy of Defendant Shutterstock, Inc.'s Objections and Answers to Plaintiff McGucken's First Set of Requests for Admission to be served, via email, on the following counsel of record for Elliot McGucken:

Scott Burroughs (scott@donigerlawfirm.com)
Laura Zaharia (laura@donigerlawfirm.com)
Doniger / Burroughs
247 Water Street, First Floor
New York, New York 10038

/s/ Eleanor M. Lackman