**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Civil Action No.: 1:22-cv-00905-GHW

ELLIOT MCGUCKEN,

Plaintiff,

v.

SHUTTERSTOCK, INC.; et al.,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVE HECK**

i

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.    INTRODUCTION

Defendant, Shutterstock, Inc.'s ("Shutterstock") expert Steve Heck, who is being offered as an expert witness to testify about the stock photo industry, Shutterstock's internal practices, procedures, technology, and damages for Shutterstock's unauthorized exploitation of Plaintiff, Dr. Elliot McGucken ("McGucken")'s, photography, must be excluded. To resolve this motion, the court need only address the following questions:

1) Is Heck qualified as an expert on the relevant topics?

2) Is Heck's testimony relevant and potentially useful?

3) Is Heck's testimony reliable?

Heck's expert report ("Report") and rebuttal to McGucken's expert report ("Rebuttal") establish that the answers to all three questions are "no." Heck lacks both sufficient experience in the areas in which he has been designated an expert and any firsthand knowledge of current industry standards or Shutterstock's systems and practices. His testimony is conclusory and untethered to any relevant reasoning or evidence, if not based purely on baseless conjecture.  Because Heck is unqualified, and his testimony is not relevant or reliable, the testimony should be excluded.

### II.     LEGAL STANDARD

The proponent of expert testimony "has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702. Only an expert who is "qualified ... by knowledge, skill, experience, training, or education may testify" if the testimony would be helpful to the trier of fact, "is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Id. Additionally, as a "gatekeeper" under Rule 702, the court is charged with "the task of ensuring that an expert's testimony both rests on a

reliable foundation and is relevant to the task at hand." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (citations omitted).

Courts have thus "distilled Rule 702's requirements into three broad criteria: (1) qualifications, (2) reliability, and (3) relevance and assistance to the trier of fact." *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 27 (S.D.N.Y. 2020), quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 466 (S.D.N.Y. 2018). Heck's testimony fails under all three criteria, and his Report and Rebuttal must be excluded.

## III.    ARGUMENT

### A.    Heck is unqualified to testify on the topics in the Report and Rebuttal

A witness is qualified to testify as an expert on a topic when they have sufficient "knowledge, skill, experience, training, or education." Fed.R.Evid. 702. A witness's experience in one area of an industry does not qualify them as an expert in related fields elsewhere in the industry, particularly where these related fields involve role-specific responsibilities or technical knowledge. See *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 645 (S.D.N.Y. 2014) (holding that witness with general or even related experience in one field had not demonstrated that they were qualified in related fields). Heck lacks any sufficient knowledge, skill, or training to qualify him as an expert on the topics presented in the Report and Rebuttal, as detailed below.

#### 1.    Heck is unqualified as an expert on specific and technical processes

Heck claims to have an "intimate knowledge" of many highly specific, technical processes within stock image such as contributor onboarding, content and metadata handling, image reviewing and responding to copyright notices. **Ex. 1** at 1 and 2. But this claim is belied by his lack of current and practical experience. Heck's experience consists of primarily working for just one company, in which he performed executive responsibilities and conducted company-wide business strategy. **Ex. 1** Ex. A. None of his credentials include experience with any of these

topics, even at his prior position at Getty Images. Moreover, Heck last performed these irrelevant

duties six years ago. **Ex. 1** Ex. A. Defendants thus fail to carry their burden establishing that

Heck has the requisite practical, direct, or recent experience to qualify him as an expert on these

subjects. Because he is unqualified, his testimony should be wholly excluded.

        2.        **Heck is not qualified to evaluate photography**

Heck opines on the value and quality of photography, including McGcuken's. However,

Heck lacks any relevant experience in evaluating either amateur or fine art photography. An

expert is only qualified to testify to a subject under Rule 702 if they have sufficient knowledge

and expertise on the subject; they are "not qualified by a few experiences relevant to the subject

matter." *523 IP*, 48 F. Supp. 3d at 647 citing *Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705

(2d Cir.1989). Heck admits that he has never evaluated photography in a professional capacity,

and he has no experience with fine art photography at all. **Ex. 3** at 25:3-14. Indeed, Heck's only

grounds for qualifying himself as an expert on photography evaluation are his past experiences

with acquisitions of stock media and licensing half a dozen photos as a self-professed amateur

many years ago. **Ex. 3** at 12:4-24, 25:3-14. These few experiences do not qualify Heck as an

expert on evaluating photography. Heck's testimony should be excluded.

        B.        **Heck's testimony is irrelevant**

Heck's testimony should be excluded as irrelevant, as explained below:

        1.        **Testimony on general industry standards and comparisons to uninvolved**
                    **companies are irrelevant**

An expert opinion is only relevant if it "will assist the trier of fact to understand the

evidence or to determine a fact in issue." *Lippe v. Bairnco Corp.,* 288 B.R. 678, 689 (S.D.N.Y.

2003), aff'd, 99 F. App'x 274 (2d Cir. 2004)(citing Fed.R.Evid. 702). The relevancy inquiry is

often described as ensuring there is a "fit" between the testimony and the issue to be resolved by

the trial. *Daubert*, 509 U.S. at 591, 113 S.Ct. 2786. Additionally, expert testimony may be

excluded if its probative value is substantially outweighed by a danger of confusing the issues or

misleading the jury. See *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021

WL 4066597, at *2 (S.D.N.Y. Sept. 1, 2021). Because Heck's testimony concerning

comparisons and putative industry standard will not assist the trier of fact reach an appropriate

outcome here, it must be excluded as irrelevant.

Heck opines almost exclusively on what he claims are "general" standards in the stock

image industry. **Ex. 1** at 5, 7. However, such opinions would not help determine any issues of

fact in this case because only Shutterstock's particular standards and practices are at issue. In this

case, processes such as contributor onboarding, image review, and response to infringing activity

are relevant only to the extent that Shutterstock claims its own application of these processes

affords it safe harbor under the DMCA, which insulates defendants who "satisfy certain

conditions of eligibility," *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27 (2d Cir. 2012).

Satisfaction of these conditions cannot be proven with examples or comparisons regarding other

companies, but only by the **specific** defendant claiming the affirmative. As Heck testifies on the

broader stock industry rather than Shutterstock's itself, his opinions should be excluded as

irrelevant.

3.    **Heck's testimony invades the exclusive purview of the jury and the Court**

The Second Circuit has consistently held that "expert testimony that usurps […] the role

of the jury in applying th[e] law to the facts before it, by definition does not aid the jury in

making a decision; rather, it undertakes to tell the jury what result to reach, and thus attempts to

substitute the expert's judgment for the jury's." *Nimely v. City of New York*, 414 F.3d 381, 397

(2d Cir. 2005) (quotes and cites omitted). Indeed, expert testimony is properly excluded as

irrelevant where it applies the law to the facts of the case, and "is no more than 'arguments and

conclusory statements about questions of fact masquerading behind a veneer' of expertise." See

*Alto v. Sun Pharm. Indus., Inc.*, No. 1:19-CV-09758-GHW, 2021 WL 4803582, at *8 (S.D.N.Y.

Oct. 13, 2021. Because Heck's testimony amounts to thinly veiled legal conclusions and

improper application of fact to law. It must be excluded as irrelevant.

Heck repeatedly attempts to guide the jury's application of copyright law and the DMCA

to the facts of this case under the guise of an expert's account of industry standards. Heck

frequently makes conclusions of fact, such as opining on when a DMCA takedown notice should

be considered sufficient **Ex. 1** 28-33, and concluding that the presence of an author's metadata

cannot put a company like Shutterstock on legal notice of their infringement per the Copyright

Act. **Ex. 1** at 7. Heck's opinions amount to little more than arguments on how the law should be

applied to the facts of this case; they should be excluded as irrelevant.

Heck also invades the province of the court, arguing on the admissibility and motives of

McGucken's own expert, Thomas Maddrey. A rebuttal expert may not testify to dispute the

admissibility of another expert's testimony, as "[t]he Court's central gatekeeping function as to

expert testimony may not be usurped by a rebuttal expert marshalling of legal standards before

the jury." *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 142 (S.D.N.Y. 2022),

motion to certify appeal denied, No. 19CIV1422PAEVF, 2022 WL 3137131 (S.D.N.Y. Aug. 5,

2022). In *Capri Sun*, the Court excluded a rebuttal expert's testimony "to the extent his

terminology in court would imply that [adversary's expert] work falls below the legal threshold

for admissibility." Id. Exclusion here is appropriate on the same grounds.

In his Rebuttal, Heck uses targeted terminology attacking the admissibility of Maddrey's

report. For example, Heck repeatedly claims that Maddrey makes "apples to oranges"

comparisons, a common standard for the reliability of expert testimony, **Ex. 2** at 2, 4, 12. And

while Heck claims he "will not opine on [what Heck claims are] the many legal conclusions

MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVE HECK

asserted in the Maddrey Report," he characterizes Maddrey's entire report as full of legal

conclusions and specifically accuses Maddrey's testimony on copyright management

information of drawing legal conclusions. **Ex. 2** at 4, 28. Heck also concludes that "it does not

appear that Mr. Maddrey is aware of how stock platform technology and process works,"

impermissibly arguing on Maddrey's qualifications. **Ex. 2** at 4. Maddrey's qualifications, and the

reliability and relevance of his report, are all questions for the Court, and any such testimony

should be excluded accordingly.

Heck also improperly argues as to Maddrey's motivations. "[E]xperts may not offer

opinions regarding the intent or motive of parties as part of their analysis." *Scott v. Chipotle*

*Mexican Grill, Inc.*, 315 F.R.D. 33, 45–46 (S.D.N.Y. 2016). Heck's Rebuttal expressly attacks

Maddrey's motives and intents when he responds to Maddrey's testimony regarding

McGucken's impact on Shutterstock subscriptions with "I can only conclude that this is

speculation designed to inflate the price in yet one more way." **Ex. 2** at 19. This testimony, and

any similar testimony which may be made by Heck, should be excluded.

Because Heck's testimony in the Report and Rebuttal improperly and repeatedly invades

the exclusive purview of the Court and jury, his testimony is irrelevant and should be excluded.

### C.    Heck's testimony is unreliable

In assessing the reliability of an expert's testimony "the trial judge should consider

whether: '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product

of reliable principles and methods, and (3) the witness has reliably applied the principles and

methods to the facts of the case.'" *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,

310 F.R.D. 69, 87 (S.D.N.Y. 2015). Heck's Report fails on all three factors.

#### 1.    Heck's testimony is not based upon sufficient facts or data

Heck concludes that Shutterstock's internal processes at issue are "justified" and conform

to an industry standard. **Ex. 1** at 7. But he fails to establish a reliable basis in sufficient fact or data per Rule 702. Heck identifies three potential bases for his opinions: 1.) his experience, 2.) the materials in exhibit B of his Report, and 3.) a brief call with a Shutterstock employee. Heck fails to establish that any of these are sufficient.

First, Heck opines on the stock industry and Shutterstock, but he has served only in certain roles at Getty Images and has not had any active position in the stock image industry in the past 6 years. **Ex.** 1 at 1-4. Heck does not explain how his experience at Getty can inform his conclusions about the stock industry and Shutterstock. An expert relying on experience "must explain…why that experience is a sufficient basis for the opinion." *Lippe,* 288 B.R. at 686). Heck has never worked with or for Shutterstock, let alone in any capacity that would give him expert knowledge of its processes and procedures in specialized fields such as "onboarding of contributors, handling and processing of files (including watermarking) and metadata, content review and policing." **Ex. 1** at 7.

Second, Although Heck identifies the list of materials in his Exhibit B as bases for his opinions, he never cites to any of these sources throughout his Report, making it unclear how or if they were ever used. Burroughs Decl. 3, **Ex. 1** Exhibit B. Without more than merely naming sources as the basis of his testimony without further explanation, Heck has failed to establish a basis of sufficient facts or data from his reference materials.

Third, Heck's single phone call with one Shutterstock employee, Jefferson Frazer, and an incomplete attempt to sign up as a Shutterstock contributor as bases for his testimony are not sufficient facts or data. In reviewing reliability, the court "must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert of the methodology used." *Amorgianos*, 303 F.3d at 266. This basis should be excluded because Mr. Frazer was not identified in discovery as a witness and was not deposed and it is unclear

MOTION TO EXCLUDE EXPERT TESTIMONY OF STEVE HECK

what knowledge he has that is relevant to anything. Even if Heck is allowed to rely on Frazer's

information, the phone call lasted less than an hour and was limited to only high level discussion.

This cannot support his myriad conclusions on the inner workings of Shutterstock. Heck

provides no explanation of what he and Frazer discussed, or Frazer's role at Shutterstock beyond

identifying him as a member of the "technical team." **Ex. 3** at 33:4-10, **Ex. 1** at 8. Heck could not

recall if he ever learned Frazer's responsibilities at Shutterstock, and Heck admitted that the call

left him only familiar at "a very high level" and "not in great detail," even on the few topics

Heck could confirm they conversed. **Ex. 3** at 31:16-24, 39:11-13. This is the opposite of specific

"expert" knowledge.

As for Heck's attempt to sign up as a Shutterstock contributor, Heck admits that he did

not even complete the online application, meaning he did not get beyond a fillable form on a

webpage. **Ex. 3**. 32:10-21, 34:22-25. This plainly fails to imbue Heck with expertise on the wide

range of Shutterstock's operations on which he testifies. Accordingly, Heck fails to establish a

reliable basis in facts or data with a short phone call and inputting his contact information online.

### 2.      Heck's testimony is not the product of reliable principles or methods

Expert testimony is not the product of any reliable principles or methods when opinions

are only connected to facts or data by the "ipse dixit" of the expert, "that is, a conclusion

unsupported by any evidence or methodology." *Kewazinga Corp.*, No. 1:18-CV-4500-GHW,

2021 WL 4066597, at *23 (Woods, J.). An expert's opinion, that relied on speculation ("it is

quite likely that") and anecdotal evidence ("I have heard of…") was the "prototypical example of

the 'ipse dixit' of the expert." Id. In his Report, Heck eschews methodology or principles in

favor of speculation and anecdote, rather than explaining how his stated bases apply to his

conclusions.

For example, Heck cites to a joke posted on Twitter as evidence of how watermarks

function, and conjectures that "anyone who has read about copyright protection online generally knows to avoid making high-resolution images available online in downloadable format without some protections" **Ex. 1** at 20 footnote 3, 36. Heck also concludes that copyright owners often make mistaken claims by evidence that "I have seen…" (**Ex. 1** at 18, foot note 1) and "I am aware of…" (**Ex. 1** at 35), and even offers these anecdotes as proof that "terminating a contributor because of just one notice would be unfair and overkill[.]" **Ex. 1** at 35. Using "I am aware" or "I have seen" in place of "I have heard" does not change his unsubstantiated stories into sufficient facts or data. Heck's use of such speculative and anecdotal evidence render his testimony unreliable, and it should be excluded accordingly.

Furthermore, "There is no basis on which to hold that the expert's opinions derive from a reliable methodology where the expert identified the basis of his conclusions but offered no non-conclusory, or remotely clear, explication as to how any of those factors bore on his analysis." *Senchyshyn v. BIC Sport N. Am., Inc.*, No. 617CV0162LEKTWD, 2020 WL 4500992, at *8 (N.D.N.Y. Aug. 5, 2020)(internal quotations omitted). As discussed, Heck never cites to any of his reference materials, and refers to his experience by offering "in my experience" or "based on my knowledge," making it unclear how Heck used any of his bases to reach his conclusions **Ex. 1** at 5, 10, 36. As Heck fails to explain how he arrives at his conclusions, he does not establish that his testimony is the product of reliable principles or methodologies.

      3.      **Heck has not reliably applied methods and principles to the facts of the case**

An expert does not reliably apply to the facts of the case when "they do not account for major variables" or conduct "apples and oranges comparisons." *Lippe* at 689. Heck resorts to apples and oranges comparisons to apply his reasoning to the photography at issue in this case.

Heck claims that McGucken's photography is devalued by stock images of "commonly photographed landscapes" **Ex. 1** at 13. Heck applies this reasoning to the facts in his rebuttal of

Maddrey's damages analysis as well. **Ex. 2** at 11-12. This comparison is "apples to oranges," as

Heck ignores major variables such the prestige of a photographer, licensing history, and even the

quality of a photo. Heck fails to understand these factors completely, shown when he dismisses

the many awards McGucken's photography has won simply by citing to the mere existence of

other awards, claiming that this somehow invalidates the recognition of his art. **Ex. 2** at 21.

Heck's reliance on unfounded "apples to oranges" comparisons render his testimony unreliable,

and it should be excluded accordingly.

## IV.    CONCLUSION

Heck and Shutterstock fail to meet their burden under 702 to establish the admissibility of

Heck's expert testimony. Heck espouses no sufficient qualifications, presents irrelevant and

unhelpful testimony, and fails to establish a reliable foundation for his conclusions. As such,

Heck's expert testimony should be excluded.

Respectfully submitted,

Dated: January 19, 2023,    By:    /s/ *Scott Alan Burroughs*
New York, New York            Scott Alan Burroughs, Esq.
                              Laura M. Zaharia, Esq.
                              DONIGER / BURROUGHS
                              247 Water Street, First Floor
                              New York, New York 10038
                              (310) 590-1820
                              scott@donigerlawfirm.com
                              lzaharia@donigerlawfirm.com
                              Attorneys for Plaintiff
                              Dr. Elliot McGucken