# Exhibit B



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

May 17, 2022

**VIA E-MAIL ONLY**

Scott A. Burroughs, Esq.
Laura Zaharia, Esq.
Doniger/Burroughs
247 Water Street, 1st Floor
New York, NY 10038

Re:   *Elliot McGucken v. Shutterstock, Inc.*, **Case No. 1:22-cv-00905 (GHW)**

Dear Counsel:

We write on behalf of Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock") regarding certain misrepresentations set forth in Plaintiff Elliot McGucken's ("Plaintiff" or "McGucken") First Amended Complaint, dated April 29, 2022 ("FAC") (ECF Doc. No. 17).

Fed. R. Civ. P. 11(b) states that by "presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an *inquiry reasonable* under the circumstances . . . (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b) (emphasis added).

Here, the FAC makes factual misrepresentations that unequivocally demonstrate Plaintiff's failure to conduct *any* inquiry or investigation—let alone a reasonable one—prior to its filing on April 29, 2022. For example, the FAC alleges that "Plaintiff provided notice to Shutterstock of its infringement of his copyrights in his photography, but, on information and belief, it is alleged that Shutterstock continued to infringe of Plaintiff's copyrights in the face of this notice, and failed to expeditiously to [*sic*] remove or disable access to, the content at issue." *See* ECF Doc. No. 17, at ¶ 14. The FAC also alleges that on "information and belief, Plaintiff alleges that as of April 11, 2022, despite receiving notice of infringement and filing an Answer in this case, Shutterstock continued to advertise, display on its website, and offer to license to its customers, McGucken's photography. Attached as Exhibit 2 are representative samples of Shutterstock continuing to exploit McGucken's photography even after it filed its Answer denying infringement." *See* ECF Doc. No. 17, at ¶ 18.

These factual allegations do not comply with Rule 11(b) for two reasons: (1) they falsely imply that Shutterstock deliberately failed to comply with the DMCA; and (2) they misrepresent to the Court that notice was provided for the additional images set forth in Exhibit 2 of the FAC (and not in the original Complaint) where no such notice was provided.

14215373.2

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



Scott A. Burroughs, Esq.

*First*, the FAC's allegation that Shutterstock did not comply with the DMCA by taking down the images at issue is demonstrably false. Exhibit 2 to the Complaint surreptitiously states that the images subject to Plaintiff's claims were displayed "as of April 13, 2022." However, had counsel taken a few seconds to click on the URLs identified in Exhibit 2 prior to the FAC's filing on April 29, 2022, they would realize that **none** of the images identified are available and the URLs identified are no longer operative. Indeed, the platform images associated with the uploading account (including those identified in the original Complaint) were expeditiously taken down on April 18, 2022, *not* through any notice from Plaintiff.

Counsel nevertheless made the calculated decision to impose a qualifier in Exhibit 2 so that it could deliberately and falsely imply that Shutterstock failed to comply with the DMCA, without making any reasonable inquiries as required under Rule 11. Such gamesmanship is inappropriate and would certainly fall under the purview of Rule 11. *See Wrenn v. New York City Health and Hospitals Corp.*, 104 F.R.D. 553 (S.D.N.Y. 1985) (Municipal employer was entitled to assessment of costs and reasonable attorney fees against employment applicant's counsel on applicant's motion to amend pleading, inadequacies of which demonstrated that counsel engaged in little or no preliminary factual and legal investigation).

We note further that Shutterstock has no records of receiving any notices from Dr. McGucken or Scott Burroughs about these images. The only notice Shutterstock's records show having come from Dr. McGucken was a notice regarding one image, sent by the Higbee firm. If you have information to the contrary, please send it to us, as we believe you indicated you would do in conjunction with the discussions we had with the Court back on April 7, 2022.

Relatedly, although the timing and relationships here are eerily familiar to the Itasca case, this case is factually different from all of the other cases in one way, namely, in the volume of outstanding licenses. We should sort out these licenses given that the undisputed fact that despite being Shutterstock being defrauded by the uploader in this case, licenses were indeed issued by the platform. To the extent that Dr. McGucken does not have an objection to licensing at a reasonable negotiated rate, we believe that an agreement as to any uses would be a better result for all involved, including your client. Accordingly, part of our concern about the expectation of receiving materials from you, per the statements at the April 7 conference, comes from the fact that we need to know how to instruct the licensees given that in the rare case where this issue comes up, the photographer generally always works out an arrangement that ends up being a positive one for all. These issues are likely better discussed separately but given the gravity of the misrepresentations in the FAC, we do need to ensure you understand that if the parties are going to engage in the discussions referenced during the initial conference, they must do so duly informed of the facts and in good faith.

*Second*, the FAC also falsely implies that Plaintiff complied with the requisite notice requirements under the DMCA for the images identified in Exhibit 2 of the FAC. Shutterstock is undoubtedly a service provider under the DMCA, which clearly sets forth notice requirements for takedown. *See* 17 U.S.C. §512(c)(3). The images identified in Exhibit 2, however, reference new and additional images that were not identified in the original Complaint. Nor did Shutterstock receive any notice whatsoever for these images as required under the DMCA. *See*



Scott A. Burroughs, Esq.

17 U.S.C. §512(c)(B)(i) ("a notification from a copyright owner or from a person authorized to act on behalf of the copyright owner that fails to comply substantially with the provisions of subparagraph (A) shall not be considered under paragraph (1)(A) in determining whether a service provider has actual knowledge or is aware of facts or circumstances from which infringing activity is apparent."). Critically, Plaintiff has no proof whatsoever that he ever provided any requisite notice as to these images.

Plaintiff's allegations that (1) he provided notice to Shutterstock with respect to the images identified in Exhibit 2; and (2) that Shutterstock purportedly failed to take down those images, are thus material misrepresentations affecting Plaintiff's entire complaint, and that could have easily been mitigated had counsel conducted any reasonable inquiry. These allegations are also subject to Rule 11 and should be addressed immediately. *See Universe Antiques, Inc. v. Vareika*, 826 F. Supp. 2d 595 (S.D.N.Y. 2011) (false statements about issues warranted the imposition of sanctions); *Chien v. Skystar Bio Pharmaceutical Co.*, 256 F.R.D. 67 (D. Conn. 2009) (imposing Rule 11 sanctions for material falsehoods set forth in the complaint).

The foregoing is without waiver of, or prejudice to Shutterstock's rights, remedies, claims and defenses, all of which are expressly reserved. Nothing set forth herein, or omitted therefrom, constitutes a waiver, admission or concession as to any matter. We look forward to your prompt attention to the issues raised in this letter.

Sincerely,

Eleanor M. Lackman
Partner of
Mitchell Silberberg & Knupp LLP

EML/eln

14215373.2