```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/4/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLIOT MCGUCKEN,

                        Plaintiff,

            -v.-

SHUTTERSTOCK, INC. and DOES 1-10,

                        Defendants.

---

22 Civ. 905 (JHR)

ORDER TO SHOW CAUSE

JENNIFER H. REARDEN, District Judge:

On February 2, 2022, Plaintiff Elliot McGucken commenced this action for copyright infringement in violation of 17 U.S.C. § 106 and false copyright management information in violation of 17 U.S.C. § 1202. ECF No. 1. On January 20, 2023, Plaintiff and Defendant Shutterstock ("Defendant") each moved for summary judgment. ECF Nos. 88, 91. On September 30, 2023, following reassignment of the case to this Court, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion. *See* ECF No. 138. Judgment was entered on October 12, 2023. ECF No. 139.

On October 26, 2023, Defendant moved for attorneys' fees and sanctions. ECF No. 141. Defendant seeks a fee award under the Copyright Act's fee-shifting provisions, *see* 17 U.S.C. § 505 and the Digital Millennium Copyright Act, *id.* § 1203(b)(5), and for excess costs, expenses, and attorneys' fees under 28 U.S.C. § 1927. *Id.* Defendant also filed a notice of taxation of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1. *See* ECF No. 144. On October 31, 2023, Plaintiff appealed from the judgment dismissing his claims. ECF No. 146.

It "appears appropriate to stay resolution of Defendant's request for attorneys['] fees" and sanctions until the Second Circuit has decided Plaintiff's appeal. *IMAPizza v. At Pizza Ltd.*, 17

Civ. 2327 (TJK), 2019 WL 11318342, at *1 (D.D.C. July 15, 2019) (ordering parties in

dismissed action for copyright infringement, trademark infringement, and unfair competition to

show cause why Defendant's motion for attorney's fees should not be stayed pending the

disposition of Plaintiff's appeal).  "Courts have broad discretion to stay proceedings, incidental

to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants."  *Id.* (quoting *Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676

F.3d 83, 97 (2d Cir. 2012) (similar); *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d

Cir. 2015) ("[A] district court possesses inherent authority to control the disposition of the causes

on its docket and has power to stay an action as an incident of that authority." (cleaned up)); *cf.*

1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d) ("If an appeal on the merits of the case

is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or

may deny the motion without prejudice directing under subdivision (d)(2)(B) a new period for

filing after the appeal has been resolved.").

Pursuant to the Copyright Act, a district court, "in its discretion," may award "a

reasonable attorney's fee to the prevailing party as part of the costs."  *IMAPizza*, 2019 WL

11318342, at *1 (quoting 17 U.S.C. § 505).  In exercising that discretion, courts consider, among

other factors, "'frivolousness, motivation, objective unreasonableness (both in the factual and in

the legal components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence.'"  *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S.

517, 534 n.19 (1994)).  Further, when analyzing whether to award reasonable attorneys' fees to

the prevailing party under Section 505 of the Copyright Act, courts give "substantial weight to

the objective reasonableness of the losing party's position."  *Kirtsaeng v. John Wiley & Sons,*

*Inc.*, 579 U.S. 197, 198 (2016).  Courts have used the same standards to evaluate applications for

2

attorneys' fees under Section 1203(b)(5). *See, e.g.*, *Reiffer v. NYC Luxury Limousine Ltd.*, No. 22 Civ. 2374 (GHW), 2023 WL 4029400, at *11 (S.D.N.Y. June 15, 2023) (awarding attorney's fees under both Sections 505 and 1203(b)(5)); *Pires v. UOB Holdings (USA) Inc.*, No. 20 Civ. 01612 (LTS) (GWG), 2022 WL 902464, at *6 (S.D.N.Y. Mar. 28, 2022) (similar). With respect to imposing sanctions under Section 1927, the Second Circuit has held that a court "must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene,* 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999)).

Accordingly, it is clear that the Second Circuit's resolution of Plaintiff's appeal will bear on Defendant's motion for attorneys' fees. Indeed, if the Second Circuit reverses this Court's September 30, 2023 Opinion and Order on summary judgment, that will obviate the need to resolve some or all of Defendant's application. *See IMAPizza*, 2019 WL 11318342, at *2. Conversely, if the Second Circuit affirms dismissal of Plaintiff's claims, then the Second Circuit's analysis likely will impact whether Defendant is entitled to attorneys' fees under Sections 505 and 1203(b)(5) of Title 17 or Section 1927 of Title 28. *See id.* In the event of an affirmance, additional proceedings may also be required to determine the costs of litigating Plaintiff's appeal and the extent to which Defendant is entitled to attorneys' fees in connection with the appeal. Thus, a stay would benefit judicial economy, as well as the "economy of time and effort" of the parties. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 96.

In view of the foregoing, it is hereby **ORDERED** that Defendant shall, no later than **Friday, March 15, 2024**, show cause why this matter should not be stayed pending the Second Circuit's resolution of Plaintiff's appeal. Plaintiff's response, if any, shall be filed by **Friday, March 22, 2024**. Each party may submit a letter of up to eight (8) pages, double-spaced.

SO ORDERED.

Dated:  March 4, 2024
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4