

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(917) 546-7722 Phone
(917) 546-7675 Fax
eml@msk.com

March 15, 2024

**VIA ECF ONLY**
The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: <u>*Elliot McGucken v. Shutterstock, Inc. et al.*, Case No. 1:22-cv-00905-JHR</u>

Dear Judge Rearden:

 We are counsel for Defendant Shutterstock, Inc. ("Shutterstock") in the above-captioned action. We write in response to the Order to Show Cause issued on March 4, 2024 (ECF Dkt. No. 156), regarding whether the pending motion for fees and other relief (the "Motion," at ECF Dkt. No. 141) should be stayed.

 Shutterstock respectfully submits that there are some strong reasons to proceed with a ruling on the Motion. Chiefly, a review of plaintiff Elliot McGucken's ("Plaintiff") opening brief on appeal demonstrates that the appeal is unlikely to succeed. Plaintiff provides no explanation as to why a 25-year-old statute, as applied to a service in existence without challenge for over 20 years, would hold that Shutterstock's contributor platform is somehow unlike the legions of online services that have long relied on and have been protected by the DMCA. Plaintiff tellingly misrepresents the platform to an absurd level, suggesting incredibly that Shutterstock employees raid users' hard drives and unilaterally select from those hard drives images that Shutterstock would like to see on the platform. Plaintiff also advocates for a system where a platform is protected only if it permits offensive content (racist material, pornography, spam, etc.) on the system, even though the statute expressly permits gatekeeping; Plaintiff further invents a requirement that platforms be aware of the copyright ownership and status of hundreds of



The Honorable Jennifer H. Rearden
March 15, 2024
Page 2

millions of copyrighted works that may reside on a system at the direction of millions of users. That Plaintiff needs to make such representations is a true indicator of the appropriateness of the case in the first instance, not to mention the appeal.

Further, Plaintiff's purported legal error is to falsely claim that this Court was lazy: putting aside that the *Steinmetz* ruling was well-reasoned and highly applicable, Plaintiff claims that the Court simply rubber-stamped that decision. Plaintiff champions a single, Ninth Circuit ruling that is plainly off-point and is not binding in any case; the only relationship it has to the matter is that Plaintiff's counsel was involved in that ruling (a reversal of summary judgment). He believes that the Second Circuit should follow the ruling to avoid some purported circuit split, even though on-point Ninth Circuit law corroborates the wisdom of this Court's decision. Nonetheless, at the conclusion of the brief, Plaintiff makes a policy argument, conceding that he never had any basis for his suit and that his gripes are better directed to Congress. Accordingly, it would not be a stretch to believe that the appeal, itself, was filed primarily to delay this Court's ruling on the Motion.

All of that said, Shutterstock appreciates the general policies of case management and judicial economy that the Court cites in its Order to Show Cause. In addition, when considering the present appeal schedule, the timing of any such ruling would come too late to permit inclusion of that ruling as part of the current appeal. At best, inclusion of any appeal of the Motion would delay the appeal on the merits, which is not ideal. As the Court further notes, in the event of affirmance, Shutterstock will likely include the costs of the appeal as part of its application. And, given that Plaintiff's free and open distribution of hundreds of thousands of high-resolution images over the internet on social "sharing" platforms has led to Plaintiff



becoming one of the most "frequent fliers" in the federal courts for "quick settlements priced just low enough that it is less expensive for the defendant to pay" than to defend the claim, *McDermott v. Monday Monday, LLC*, 17-cv-9230, 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018), Shutterstock is not concerned that Plaintiff will become judgment-proof in the interim. Plaintiff's business model of leveraging the cost of litigation for outsized recovery shows no signs of slowing down.

     Accordingly, while reasons do exist that would support not staying the Motion pending the appeal, Shutterstock agrees with the Court's reasoning in the Order to Show Cause and further agrees that, on balance, there is not only cause for a stay, but a stay is wise. Shutterstock therefore consents to a stay of the Motion pending the outcome of the appeal.

Respectfully submitted,

Eleanor M. Lackman

cc:    All counsel of record (via ECF)