

Attorneys admitted in
California, New York,
Texas, Pennsylvania,
Colorado, and Illinois

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

February 18, 2026

**DELIVERED VIA ECF**
The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

<div style="border:2px solid blue; text-align:center">

**MEMO
ENDORSED
(p. 3)**

</div>

|  |  |
|---|---|
| **Case Title:** | ***Elliot McGucken v. Shutterstock, Inc.; et al.*** <br> **1:22-cv-00905-JHR** |
| **Re:** | **Letter re Next Steps** |

Your Honor:

This office represents Plaintiff, Elliot McGucken ("McGucken"), in the above referenced matter. We write with Defendant Shutterstock, Inc., in response to the Court's Order of February 11, 2026, to advise the Court of next steps following the Second Circuit's remand of this case for further proceedings on Plaintiff's claims for copyright infringement. The Parties advise on the information requested from the Court as follows:

**Plaintiff's Position:** McGucken believes that, in line with the Opinion of the Second Circuit and that summary judgment briefing in this matter has long since been completed, this case should proceed to trial on all remaining issues. Plaintiff believes a referral to the Magistrate Judge for a settlement conference or to the Court's mediation program would be productive. Plaintiff anticipates that trial would last 3-4 days, and Plaintiff and counsel will be unavailable for trial in either June or October. We suggest a trial date in late August or mid-November. We thank the Court for its attention to this matter.

McGucken objects to Defendants' inaccurate description of the posture of this case below, its attempt to use this joint letter to continue arguing that it is entitled to a grant of summary judgment and to argue the merits of the Second Circuit's Opinion, and its baseless requests for further briefing and that the Court deprive McGucken of his demanded jury trial. The parties briefed all issues on summary judgment, the Court entered its opinion after fulsome review of those papers, and the Second Circuit has now concluded its appellate review of same. There is no basis to order additional, redundant briefing. Nor is there any basis for Defendants' efforts to deprive McGucken of a jury trial for his claim of copyright infringement, to which he is plainly entitled. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353, 118 S. Ct. 1279, 1284-1287, 140 L. Ed. 2d 438 (1998)(confirming a plaintiff's right to a jury trial on copyright infringement whether seeking actual or statutory damages). McGucken thus respectfully requests that a trial date be set in line with the availability set forth herein.

**Defendant's Position:** Defendant Shutterstock, Inc. ("Shutterstock") believes that, particularly in light of past efforts, for there to be any productive settlement discussions or clarity as to the scope of trial, further review and/or briefing is prudent. For example, as the Panel noted, one of the two remanded elements of the DMCA "safe harbor" defense itself is a two-part test that this Court may decide and ultimately dismiss on the

papers. *See* Opinion at 38 n.12. Further, while it is not clear what facts underscored the Panel's decision to remand on either element given the absence of citation to anything pertinent,[1] these issues could be ascertained quickly and conveniently with further briefing or a streamlined bench trial. This, in turn, would further clarify the nature and scope of the remaining case. *See Google LLC v. Oracle Am, Inc.*, 593 U.S. 1, 25 (2021) (the right to trial by jury under the Seventh Amendment does not include the right to have a jury decide a fair use defense). Another variable is the fact that fee-shifting is available now in light of the affirmance of the Section 1202 claim, should the Court wish to take up that issue at this stage.

In fact, the disposition of the entire case does not require a trial at all. While Defendant moved on multiple grounds pertaining to Plaintiff's infringement claim, the Court resolved the matter on the narrow ground of the DMCA defense. The Court accordingly did not need to determine whether Plaintiff had established his case-in-chief on direct, contributory, or vicarious liability, or whether Plaintiff has standing to sue for the 47 unregistered images in the case. The Panel did not do so either, despite Shutterstock's briefing here and on appeal. *See* ECF No. 98, pp. 24-35; ECF No. 118, pp. 20-30.[2] Considering that the burden of showing these claims ultimately lies with the plaintiff, and Plaintiff here continues to advocate for theories that are unsupported as a matter of law,[3] the Court has a readymade option—including within the briefing already submitted to the Court—for disposing of the case given Plaintiff's failure to show a genuine issue of material fact on his case-in-chief.[4]

To the extent the Court requests a trial, Shutterstock advises that the only conflict in the second half of the year is the undersigned counsel's long-planned trip to Portugal with family from September 21-October 1. Flights and lodging for around half the span have already been secured. Shutterstock also requests that any trial not be scheduled to go late on September 11, 2026 (first night of Rosh Hashanah) or to be held on September 21, 2026 (Yom Kippur).

Respectfully submitted,

By:    */s/ David Michael Stuart Jenkins*
David Michael Stuart Jenkins, Esq.
djenkins@donigerlawfirm.com
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
*Attorney for the Plaintiff*

---

[1] Certainly, the Second Circuit did not mean to remove YouTube's DMCA protection simply because it "curates" content as part of its YouTube TV platform, or to make LinkedIn strictly and immediately liable for every infringing photo a member may post solely because LinkedIn uses gatekeeping for its "LinkedIn Learning" feature. Moreover, perhaps by virtue of the ruling on the motions *in limine* not being part of the appeal, the Panel did not review the expert reports to understand the nature, extent, and reasons for gatekeeping content before problematic material floods the platform and inhibits user access to the service as a result.

[2] Plaintiff devoted only five pages of his 62-page opening brief as to his secondary liability claims and did not argue his direct liability claims at all. *See* No. 23-7652, Dkt. No. 48.1, pp. 56-61.

[3] A party cannot be both directly and secondarily liable for the same conduct. *See Pickholtz.v. Rainbow Techs., Inc.*, 260 F. Supp. 2d 980, 989-90 (N.D. Cal. 2003).

[4] While the DMCA safe harbor defense necessarily embraces concepts that are similar to those at common law, it does not shift burdens nor is a defendant liable simply because the DMCA defense is not available.

The parties shall provide supplemental summary judgment briefing regarding (1) whether "any infringing acts happened 'by reason of the storage at the direction of a user of material that resides' on [Shutterstock's] platform," *McGucken v. Shutterstock*, No. 23-7652, 166 F.4th 361, at *375 (2d Cir. Feb. 10, 2026) (quoting 17 U.S.C. § 512(c)(1)), and (2) whether Shutterstock "exerts the 'right and ability to control' infringing content pursuant to § 512(c)(1)(B)," *id.* at 378.

The supplemental briefing shall address the authorities identified by the Second Circuit in connection with those issues, respectively:

- the Ninth Circuit's opinion in *Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 618 (9th Cir. 2018) ("Infringing material is stored at the direction of the user if the service provider played no role in making that infringing material accessible on its site or if the service provider carried out activities that were 'narrowly directed' towards enhancing the accessibility of the posts."); and

- the Second Circuit's *Capitol Records* opinion post-dating *McGucken v. Shutterstock, Inc.*, No. 22 Civ. 905, 2023 WL 6390530 (S.D.N.Y. Oct. 2, 2023): *see Capitol Records, LLC v. Vimeo, Inc.*, 125 F.4th 409, 423-426, 428 (2d Cir. 2025) (explaining that § 512(c)(1)(B) "appl[ies] in circumstances when the service provider has exercised 'substantial influence' over user activities").

Initial briefs shall be filed by **April 7, 2026**.  The parties shall file any oppositions by **May 5, 2026** and any replies by **May 19, 2026**.  Opening and opposition briefs shall not exceed 3,500 words; any replies shall not exceed 1,750 words.

If necessary, the parties may submit supplemental Local Rule 56.1 Statements in accordance with the Court's Individual Rule 5.K(iii); any such statement shall provide consecutive numbered paragraphs beginning at 100 to avoid overlap with the parties' previously-submitted 56.1 Statements.

The Clerk of Court is directed to terminate ECF No. 165.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: March 10, 2026